Wildman and others *v.* Rider.

In this opinion, the other judges concurred, except STORRS, J., who was disqualified.

New trial advised.

---

## WILDMAN AND OTHERS *vs.* RIDER.

While the statute was in force, prohibiting an appeal from the judgment of a justice of the peace, except in certain specified cases, unless the sum in demand exceeded seven dollars, an action was brought by the selectmen of a town, demanding seven dollars damages, to recover the expenses incurred by them, in removing a fence from the public highway, under the act to prevent and remove nuisances; to which the defendant pleaded the general issue, and also, that the land from which the fence was removed was his soil and freehold. Held, that such action was not within the provision, concerning appeals on plea of title, of the ninth section of said act, nor the provision of the seventy-second section of the act, relating to civil actions, concerning appeals, where the plaintiff's right of way is in question ; and, therefore, that it was not appealable.

It is no valid objection to a motion to erase a cause from the docket of a court, that such motion is made by the party who brought the cause to such court. It is the duty of the court to do this, whenever it discovers, that it has no jurisdiction over a cause.

THIS was an action, brought by the plaintiffs, selectmen of the town of Danbury, upon the statute entitled, " an act to prevent and remove nuisances, from highways, rivers and water-courses."

The declaration alleged, that the defendant had erected a fence upon the public highway in said town, at the intersection of two highways, so as to include, in his enclosure, a part of the highways, by reason whereof they were made narrower than before, and the passing of travellers obstructed ; that he was notified to remove the fence, and neglected to

do it, and thereupon the plaintiffs removed the same, and brought their action to recover the expense of such removal, demanding the sum of seven dollars, damages.

The cause was originally brought before a justice of the peace, and the defendant pleaded the general issue, and also, that the land, on which the fence was erected, was his soil and freehold. The justice found both issues in favor of the plaintiffs, and rendered judgment accordingly. The defendant then appealed the case to the county court, and, having there obtained a verdict and judgment in his favor, the plaintiffs appealed the case to the superior court. They there moved, that the case be erased from the docket, upon the ground, that it was not appealable from the jurisdiction of the justice; but the motion was not sustained by the court.

The cause was then tried in that court, and resulted in a verdict in favor of the defendant. The plaintiffs thereupon filed a motion in error, and a motion for a new trial, and the case was brought before this court; but, as no opinion was expressed upon the latter motion, a detail of the facts, connected with it, becomes unnecessary.

The writ was dated October 18th, 1849, and the judgment of the justice was rendered on the 29th of that month.

*Butler* and *White* and *Averill,* for the motion, contended,

1. That the action was not appealable. The seventy-second section of the act regulating civil actions, relates to an action for obstruction or injury to a private right of way, and the certificate of the court below must show, that such right of way was in question. The ninth section of the act, relating to nuisances, authorizes an appeal, only in actions for a penalty, which is a pecuniary punishment for the violation of law, and takes money from a party without an equivalent. In the present case, the plaintiffs have rendered an equivalent in advance, having incurred expenses for the benefit of the defendant, and to secure him from liability to pay a penalty, which expenses are the ground of their action.

2. That it was the intention of the legislature, to discriminate, in favor of the selectmen, in a case like the present. The plaintiffs were in the performance of a duty. They were required to incur the expense, and they are entitled to be reimbursed for that expense, without the burden of an appeal, and a contest in relation to title, upon every consideration which can operate upon the mind of a good citizen. But, if they go beyond this duty, and, as individuals, sue for a penalty, and for their own benefit, there is no injustice in subjecting them to the hazard of an appeal, on the trial of a question of title. Manifestly the legislature did not mean to require them to perform an unpleasant duty, and incur expense, and also defend the public title, through all the courts, and as the mere agents of the law, out of their own funds. Such a construction would be most unreasonable.

*Hawley* and *Taylor*, contra, contended,

1. That the action was appealable, under the ninth section of the statute regarding nuisances. The term "penalty," there used, embraces whatever is to be paid by, or is, in any proceeding, recoverable from, any person offending against any section of the law. That which is prohibited, by the third section, is as much an offence against the law, (and against the public,) as anything prohibited, by any other section. The sums, recoverable from offenders by the different sections, although meaning the same things in character, are designated by different expressions.

2. That the intent of the legislature was to give the right of appeal, in all cases where the title to land comes in question. It is as important, that the defendant have the right of appeal, where title comes in question under section third, as where it arises in any other proceeding under the statute. A decision against him, on a question of title, in a proceeding like this, is as important in its effects, as it could be in any other proceeding under any section of the statute.

3. That the act relating to civil actions, (section seventy-second,) gives the right to appeal. The defendant is here charged with the obstruction of a way; the title comes in question, and there is a sufficient certificate of the justice. 6 Conn. R., 418. The legislature never intended to leave questions of title to the final decision of justices of peace, but has studiously provided an appeal in all such cases.

A question, as to the existence of a highway over land, is a question of title to real estate. *Spear* v. *Bicknell*, 5 Mass., 125. *Strout* v. *Berry*, 7 Mass., 385. *Bundy* v. *Sabin*, 2 Root, 54.

WAITE, J. The question presented, by the motion in error, is, whether, at the time when judgment was rendered by the justice, the cause was appealable to the county court.

By the statute, then in force, regulating civil actions, an appeal was not allowed from the judgment of a justice of the peace, except in certain specified cases, unless the sum in demand exceeded seven dollars. Stat., tit. i., ch. 1.

Since the cause was tried before the justice, another statute has been passed, allowing appeals, in all civil cases, from judgments rendered by justices of the peace. Stat. 1853, ch. 2.

Still, the question must depend upon the law in force, at the time when the appeal was first taken. And, as the sum demanded does not exceed seven dollars, the enquiry is, whether the case can be brought within any of the exceptions to the general law regulating appeals.

It is claimed, that it falls within the provisions of the ninth section of the act, upon which the suit is brought. It is there provided, that whenever an action shall be brought to recover any *penalty*, imposed by that act, and the defendant shall justify himself, by reason of his title to the land, and such title shall be in dispute, an appeal shall be allowed.

The answer to this is, that the action is not brought to recover any one of the *penalties* imposed by the act, but the

expenses incurred by the plaintiffs, in removing the nuisance, a duty imposed upon them by the statute.

Again it is said, that the design of the legislature was to allow an appeal, in all cases where the title to land is in dispute. It is true, that, in some cases, that question is made the criterion for determining the right of appeal, but it is not the test in all cases. The title may be in dispute, in an action of *assumpsit* for the use and occupation of land, but the statute allows no appeal on that account.

It is further claimed, that an appeal was authorized by the seventy-second section of the act relating to civil actions. That applies to a case, where the title to a way, *claimed by the plaintiff,* shall be brought in question. Here no claim is made, by these plaintiffs, of any title in them to the highway, where the nuisance was erected.

The plaintiffs have merely acted in the discharge of a duty imposed upon them, as public officers, and now sue to recover the expenses incurred in the discharge of that duty.

If indeed, they have exceeded their powers, and removed a fence standing, not upon the highway, but on the defendant's land, the statute affords them no protection, and they have no right of action against the defendant.

It is finally said, that the motion, to erase the case from the docket of the superior court, was made by the party that carried the case there. But this can make no difference. It was the duty of that court to dismiss the case, whenever it discovered that it had no jurisdiction over it, and it was immaterial, by whom a knowledge of that fact was communicated. This view of the case renders unnecessary the consideration of the questions, presented in the motion for a new trial.

We are therefore of opinion, that the law did not authorize an appeal of the case, and consequently neither the county nor superior court had jurisdiction. The judgment must be reversed.

In this opinion, the other judges concurred, except HIN-MAN, J., who was disqualified.

Judgment reversed.