<hr/>

JOHN M. WHEELER ET AL. *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, Jan. Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A cause is not to be erased from the docket unless the want of jurisdiction plainly appears on the face of the record.

The General Statutes permit an appeal from the decision of the board of railroad commissioners in the matter of the removal of a grade crossing, while a Special Act for the abolition of grade crossings in Bridgeport provides that the decision of the board of railroad commissioners shall be final and conclusive. *Held* that inasmuch as it did not appear from the record that the proceedings instituted by the railroad company were brought under the Special Act, the Superior Court erred in erasing the appeal from its docket.

[Argued January 18th—decided February 8th, 1898.]

APPEAL from a decision of the railroad commissioners involving the condemnation of the plaintiff's land, taken to the Superior Court in Fairfield County where the cause, upon motion of the defendant, was erased from the docket (*Elmer, J.*) for want of jurisdiction, and the plaintiffs appealed for alleged error in this ruling of the court. *Error and case restored to docket.*

Wheeler et al. v. New York, N. H. & H. R. Co.

The material facts stated in the complaint are as follows : " 1. The petitioners own a valuable piece of property situated in said Bridgeport, bounded southwest by Bridgeport harbor, northwest by the tracks of the New York, New Haven and Hartford Railroad Company, north by Sterling street, east by Noble avenue, and south by land of Frank Miller and others. . . . 6. On December 21st, 1895, said company and the directors thereof, whose road then did and ever since has crossed and was and is crossed by numerous highways at grade in said Bridgeport, brought their petition in writing to the railroad commissioners of this State, therein alleging that public safety required an alteration in said crossings, their respective approaches, the method of crossing the same, the location of the same, the closing of said highway crossings and the substitution of certain other crossings therefor, not at grade, and as a part of the method proposed by them for accomplishing said results they presented plans, one detail of which involved the taking of a strip of land seventy feet wide through the middle of your petitioners' said property and the construction of an elevated railroad structure thereon; and they prayed that said work might be ordered according to the plans so presented. . . . 10. On May 17th, 1897, said company and the directors thereof brought their supplemental petition in writing to the railroad commissioners, alleging by reference the same facts as in their original petition, and also then alleging for the first time that your petitioners had an interest in land needed for certain of said crossings. . . . 13. On June 30th, 1897, said railroad commissioners determined and decided that said changes, alterations and removals should be made by said company, including that part thereof that involved the taking of your petitioners' property and the destruction thereof and of their said business."

The complaint was duly served and returned to the Superior Court in and for the county of Fairfield on the first Tuesday of September, 1897, and was duly entered upon the docket of said court.

On the 21st day of October the said railroad company moved the court that said " cause be erased from the docket

of the Superior Court, on the ground that said court had no jurisdiction of the subject-matter contained therein." The court granted that motion, and the plaintiffs appealed.

*Robert E. DeForest* and *Allan W. Paige,* for the appellants (plaintiffs).

*Goodwin Stoddard* and *William D. Bishop, Jr.,* for the appellee (defendant).

ANDREWS, C. J. A cause is not to be erased from the docket unless the want of jurisdiction appears plainly on the face of the record. *James* v. *Morgan,* 36 Conn. 348, 351; *Wickwire* v. *State,* 19 id. 477, 484; *Saunders* v. *Denison,* 20 id. 521, 525; *Camp* v. *Stevens,* 45 id. 92, 95.

The Superior Court has jurisdiction generally of appeals from the doings of the railroad commissioners in respect to grade crossings. General Statutes, §§ 3425, 3491; Public Acts of 1889, Chap. 213; id., Chap. 220, § 6.

The rule for jurisdiction is that nothing shall be intended to be out of the jurisdiction of a Superior Court but that which specially appears to be so; and on the contrary nothing shall be within the jurisdiction of an inferior court but that which is expressly so alleged. *Peacock* v. *Bell,* 1 Saund. 74 *b; Winford* v. *Powell,* 2 Ld. Raym. 1310; *Stanian* v. *Davies,* ibid. 795.

There is nothing on the face of the record, so far as we are able to discover, that discloses any want of jurisdiction in the Superior Court to act upon the matter set forth in the complaint. Indeed, the brief of the appellee in this court does not make any such claim. The brief says that the petitions referred to in paragraphs 6 and 10 in the appellants' complaint, were brought under the authority of a Special Act passed in 1895, (12 Special Laws, 416) being an act "Providing for the Abolition of Grade Crossings in Bridgeport," which provided that the "decision of the railroad commissioners upon all questions of the plans or methods of abolishing said grade crossings shall be final and

In re Application of the Shelton St. Ry. Co.

conclusive upon all parties concerned," and claims that therefore the Superior Court had no jurisdiction over the subject-matter alleged in the record.

The fatal defect in this argument is that the matters which it relies on to show the want of jurisdiction, do not appear in the record. It is new matter which could only be brought upon the record by some issuable averment. For the purpose of a motion to erase from the docket the court could not have any knowledge of this matter, as the record then stood.

There is error, and the cause should be restored to the docket.

In this opinion the other judges concurred.