APPEAL OF THE CITY OF WATERBURY FROM THE DOINGS OF THE RAILROAD COMMISSIONERS.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An appeal by a street-railway company from any "decision, denial, direction, or order" of municipal authorities, under § 3832 of the General Statutes, carries up the whole proceeding for review *de novo* by the railroad commissioners, who have at least as great powers on such appeal as the municipal authorities originally had.
In the present case the railroad commissioners declined to make any order respecting conditions imposed upon the street-railway company by the municipal authorities—which were the matters particularly specified as reasons of appeal—upon the ground that they

had no power to do so. *Held* that this misconception of their functions by the railroad commissioners justified the Superior Court, on appeal to it, in disaffirming their order and remitting the cause to them for their determination.

Upon an application of a street-railway company for the approval of its proposed location and plan of construction, the municipal authorities gave their consent provided the company should (1) remove from the highway an abutment of an overhead bridge owned by a steam railroad company, which impeded the course of travel; (2) erect and maintain an electric light under the bridge; (3) build a new broad iron bridge to replace a narrow one over a stream crossing the highway. *Held* that these conditions were germane to the subject-matter, and when imposed by the city became an incident to the proceeding and reviewable by the railroad commissioners on appeal from the order of the municipal authorities.

Argued June 14th—decided July 14th, 1905.

APPEAL by the city of Waterbury from an order of the board of railroad commissioners respecting the location of the tracks of the Connecticut Railway and Lighting Company in said city, taken to the Superior Court in New Haven County where a motion to dismiss the appeal was denied (*Ralph Wheeler, J.*), demurrers thereto were overruled *Shumway, J.*) and the cause was tried to the court, *Roraback, J.;* facts found and judgment rendered setting aside the order of the railroad commissioners, and appeal by the said Railway and Lighting Company. *No error.*

*Lucien F. Burpee,* for the appellant (Connecticut Railway and Lighting Company).

*John O'Neill* and *John P. Kellogg,* for the appellee (City of Waterbury).

BALDWIN, J. On an application by the Connecticut Railway and Lighting Company (See General Statutes, § 3823) the selectmen of Waterbury approved the location of its railway on a highway in that town, subject to certain conditions and modifications. These were that it should (1) remove from the highway the abutments of a through steam railroad bridge over the highway, owned by

another company; (2) erect and maintain an electric light under the bridge; (3) build a new, broad iron bridge to replace a narrow wooden one over a stream crossing the highway; and (4) lay its tracks in conformity with certain grades and lines.

The company thereupon appealed to the board of railroad commissioners (General Statutes, § 3832) " from certain portions of said decision, direction and order " of the selectmen, specifying as such portions the conditions marked above as 1, 2, and 3. Pending this appeal, the town and city of Waterbury were consolidated, and the functions of the town in regard to highways passed to the city. The company then asked the city to approve another and temporary location of its tracks under the existing railroad bridge; and the city approved it, on condition that the company should, within a certain time, remove or by legal proceedings compel the removal by the steam railroad company of the bridge abutments; pay half the cost of a new bridge over the stream; and do certain other things.

The railroad commissioners, after due hearing, ordered that the tracks should be laid on the lines approved by the city, and at the grade approved by the selectmen, but held that they had no power in that proceeding to make any order disposing of the matters particularly specified as grounds of appeal. From this action of the commissioners an appeal was taken to the Superior Court, by which it was disaffirmed and annulled.

The judgment thus pronounced was not erroneous. The appeal from any " decision, denial, direction, or order " of municipal authorities to the railroad commissioners, which is given by General Statutes, § 3832, is an appeal from the entire decision, denial, direction or order. The subsequent direction, that the petition of appeal " shall state specifically the portion or portions of such decision, denial, direction, or order appealed from, and the reasons of such appeal," is calculated to secure fair notice to the appellee of the particular causes of complaint; but that it was not meant to prevent the appeal from taking up the whole proceeding for

review is evident from the provision that the commissioners are to "make such orders in reference to the matters affected by the appeal as they may deem equitable." It could not have been the intent of the legislature to allow the company taking such an appeal from an order partly in its favor and partly not, to exclude from consideration by the commissioners, by its method of pleading, everything with which it was not dissatisfied, however clearly that might be connected with the matters which it specifically asked them to review. The commissioners, on any such appeal, have at least as great powers as the municipal authorities originally had, and try all matters in controversy *de novo*.   *Hartford* v. *Hartford Street Ry. Co.*, 75 Conn. 471.

In the case at bar, the commissioners were of opinion that they did not possess such powers with respect to passing upon the particular mode of constructing the railway. The requirements which were made by the selectmen of Waterbury were modifications of the location of the company and of the changes that it proposed to make in the highway, which were germane to the subject-matter before the railroad commissioners.   *Central Ry. & Elec. Co.'s Appeal*, 67 Conn. 197, 210. The abutments of the through railroad bridge left open for travel a space only thirty feet wide in a highway which was a main thoroughfare, originally laid out with a width of a hundred and thirty feet. To allow a trolley railway to occupy permanently any part of the road beneath it might seriously inconvenience the public, particularly at night, were the place not well lighted. To allow the tracks to be laid upon a narrow bridge might have a similar effect.

The statute of 1901 (Public Acts of 1901, p. 1330, Chap. 156) now embodied in the General Statutes, on certain sections of which this decision turns, was designed to broaden, not narrow, the functions of the railroad commissioners. Those bestowed upon them by § 3 (General Statutes, § 3830), to be exercised according to § 4 (General Statutes, § 3831), upon written applications by street railroad companies, must be held to belong to them also in proceedings under § 5 (General Statutes, § 3832), since otherwise they

often, as in this instance, could not do equity with regard to the whole subject-matter of the appeal. In the present action they had before them a written application of a street-railway company desiring to construct its railway on a highway under the charge of a municipality, to which that municipality had been made a party and on which it had been fully heard. It would be doing violence to the spirit if not to the letter of the statute to hold that their powers were lessened by the fact that the application came to them, not in the first instance, but by way of appeal, and that its original purpose was simply to secure the approval of a location. When to its approval of that the municipality attached conditions as to the mode of construction, these became an incident of the proceeding, and it was fully within the powers of the commissioners, after hearing all parties in interest, to affirm, disaffirm, or modify the order appealed from by the trolley company, as they might deem equitable. Their order shows upon its face that they did not think they possessed this power. In view of this misconception of their functions, it was proper for the Superior Court to annul their order.

It follows that the motion to dismiss the appeal to the Superior Court, and the subsequent demurrer to the reasons filed in its support, on the ground that there was no judicial question involved, were properly overruled.

Under the statute giving the right of appeal to the Superior Court, that court had the power in this case to direct the railroad commissioners to proceed to exercise their equitable powers in disposing of the matter in controversy. Such was the legal effect of the judgment rendered.

If the highway along which the trolley company desires to lay its tracks is unlawfully and unnecessarily obstructed by the bridge abutments, action can be directed, if necessary, looking to their removal. If it is not unlawfully or unnecessarily obstructed by them, or if it be thought best to allow a temporary location to be made between them, as they stand, such order can be made as will prevent the new use of the highway from becoming a source of danger to ordinary travel.

It is assigned for error that the Superior Court could not properly content itself with disannulling the order of the commissioners, but was bound to proceed to make one of its own, in regard to the proper location. The course taken, by which the matter was sent back to the commissioners, who had never really exercised their full powers in disposing of the matter in controversy, because they did not know what these powers were, was the proper one.

There is no error.

In this opinion the other judges concurred.