THE BETHEL AND REDDING LIME COMPANY *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY ET ALS.

Third Judicial District, Bridgeport, April Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

Whether a petition to the railroad commissioners by a railroad company for authority to eliminate a number of highway grade-crossings on one of its branch lines, by discontinuing the use of that branch and transferring its traffic to the main line, falls within the provisions of General Statutes, § 3713, concerning the removal of grade-crossings, *quære.*

Upon the hearing of such a petition before the railroad commissioners, a manufacturing corporation located upon or near the branch which it was proposed to discontinue—although not one of those to whom the statute (§ 3713) required notice to be given—appeared before the board and was heard. *Held* that in view of the proposed change in the operation of the railroad, which might seriously affect the pecuniary interests of such manufacturing corporation, it was, to say the least, within the power of the commissioners to allow it to appear and be heard as an interested party; and that having thus become a party to the proceedings before the railroad commissioners it had the right, under General Statutes, §§ 3718, 3747, to appeal from their decision to the Superior Court.

The office of a motion to dismiss is not to allege new matter, but to take advantage of objections already apparent on the face of the record.

Argued April 14th—decided May 6th, 1909.

APPEAL from an order of the railroad commissioners, taken to the Superior Court in Fairfield County. The court (*Gager, J.*) granted a motion to dismiss the appeal, on the ground that the appellant had no right to take one. *Error and cause remanded.*

The order of the commissioners was passed on a petition of the appellee stating this case:—

It operates a railroad from Bethel to Hawleyville, in the towns of Bethel and Newtown, formerly known as the Bethel Branch, on which there are sixteen grade-crossings of highways, a description of each of which was given.

It is proposed to eliminate these "by discontinuing, except as hereinafter set forth, the use of said line of railroad of said Bethel Branch . . . from a point on the main track of the line of railroad . . . lately known as the Danbury Branch . . . southerly of . . . Greenwood Avenue in the town of Bethel, thence running northeasterly about . . . 31,400 feet . . . to its intersection with the main line of the railroad . . . lately known as its Berkshire Division, at or near the Hawleyville passenger station, . . . and substituting therefor a new line of railroad coincident with and on the line and location formerly of . . . the Danbury Branch . . . beginning at said point . . . just southerly of Greenwood Avenue, . . . thence on and along the line of railroad and location of said Danbury Branch to the Danbury passenger station . . . in the city and town of Danbury, to a connection with . . . its Western Division; thence on and along the line and location of said last mentioned railroad . . . to the . . . Hawleyville station, . . . to a connection with the existing line of railroad . . . lately known as the Litchfield Branch.

"It is further proposed to use portions of said discontinued

line of railroad at either end thereof, as a commercial spur track for the service of certain commercial industries on said line, one located substantially two miles southerly of said Hawleyville station, and one other substantially a half of a mile northerly of said Bethel station, by the installation and construction of a spur track to said industries from the station nearest to the same, subject to the approval of your Board, upon application and hearing as provided by law."

The commissioners ordered notice of the hearing on this petition to be given to the appellee and the selectmen of the towns of Newtown and Bethel. This was duly given, and the order appealed from recited that on the day named, "the petitioner appeared to prosecute its petition, and the towns of Bethel and Newtown appeared by their selectmen and counsel, and the Bethel and Redding Lime Company also appeared, and said parties were fully and finally heard on said last mentioned date."

The order proceeded as follows:—

"This is an application for the elimination of sixteen grade-crossings, in the distance of six miles, on the line of the Bethel Branch, so-called, of the railroad of the petitioner, extending from the Bethel station, in the town of Bethel, to the Hawleyville station, in the town of Newtown, by discontinuing the use of the Bethel Branch, and transferring its traffic to the main line of the Danbury Branch from Bethel to Danbury, and from Danbury to Hawleyville, over the double track of the New England Railroad Company, leased to the petitioner.

"Upon careful consideration of the evidence, and from our personal knowledge of the locality affected by the proposed changes, we are of opinion that public safety requires that the grade crossings specified in the petition be eliminated and in the manner proposed. Owing to the relatively little importance of this branch, it is unlikely that the petitioner will ever be able to assume the enormous expense of elimi-

nating these crossings by separating the grades of the railroad and the highways, and it is more unlikely that the towns in which the crossings are located could ever assume their statutory share of the expense which would fall on them in proceedings initiated by them for the removal of these crossings.

"The traffic now passing over the steep grades and sharp curves of the Bethel Branch, can be more safely conducted over the easy grades and curves of the proposed route. There being no stations on the line between Bethel and Hawleyville, no inconvenience to passengers or communities can arise by reason of the change of route, and the three industries located on the present line can be served by spur tracks, safe-guarded when used at highway crossings both by regulation, regulations as to speed, and by flagmen.

"The rates for service over the new route are to be the same as now prevail over the present line, while the passage of all traffic into and through Danbury, a city of twenty thousand inhabitants, will furnish additional convenience to that city without in any manner depriving the inhabitants of Bethel and Hawleyville of any advantages which they now possess. It is difficult, therefore, to see how any interest, public or private, can be injured by the changes proposed, but, be that as it may, the safety of the public to be conserved by the doing away with the dangers of these sixteen grade crossings to be thus eliminated, far outweighs any disadvantage which may occur to any private interest.

"Wherefore, after consideration, we do find the allegations of said petition to be true, and determine that the alterations and changes described in said petition shall be made by The New York, New Haven & Hartford Railroad Company, and at its expense, to wit, that the use as a railroad of the line of railroad known as the Bethel Branch," (here followed a description of the proposed changes sub-

stantially identical with that stated as proposed in the petition), "so as to eliminate the crossings at grade of said railroad by the several highways in said towns named and described in the following list:" (here followed a description of the sixteen grade-crossings, also copied from the petition).

*John R. Booth*, for the appellant (plaintiff).

*Benjamin I. Spock*, for the appellee (defendant railroad company).

BALDWIN, C. J. The appellant operates a railroad, known as the Bethel Branch, running straight from a station in the town of Bethel to Hawleyville in the town of Newtown, for a distance of about six miles. It also operates a railroad, known as the Danbury Branch, from the Bethel station to a station in the city and town of Danbury, and a railroad from thence to Hawleyville. The Bethel Branch is one side of a triangle, of which the other sides are the Danbury Branch and the section of the appellee's Western Division, between Danbury and Hawleyville.

General Statutes, § 3713, provides that the directors of any railroad company on whose road there is a grade-crossing, may petition the railroad commissioners for "an alteration in such crossing, its approaches, the method of crossing, the location of the highway or crossing, the closing of a highway crossing and the substitution of another therefor, not at grade, or the removal of obstructions to the sight at such crossing, and praying that the same may be ordered; whereupon the commissioners shall appoint a time and place for hearing the petition, and shall give such notice thereof as they judge reasonable to such petitioners, the company, the municipalities in which such crossing is situated, and the owners of the land adjoining such crossing and adjoining that part of the highway to be changed in grade; and after such notice and hearing, the commissioners

shall determine what alterations, changes, or removals, if any, shall be made and by whom made." General Statutes, § 3718, provides that the decision on any such petition "shall be communicated to the petitioners and to all persons to whom notice of the hearing on said petition was given, within twenty days after the final hearing; and any person aggrieved by such decision, who was a party to said proceeding, shall have the same right of appeal therefrom as is given by § 3747 concerning appeals from decisions relating to depots." The right of appeal given by General Statutes, § 3747 is one in favor of "any person aggrieved by any order of the railroad commissioners, upon any proceeding relative to the location, abandonment, or changing of stations to which he was or ought to have been made a party."

The appellant is a corporation of this State located and having its principal place of business in Bethel, and avers that it was a party to the proceedings before the railroad commissioners; that their final order is "improper, inexpedient, illegal, and not in conformity with the statutes in such cases provided"; and that it is aggrieved thereby. It is not claimed that it owns land adjoining any of the railroad crossings mentioned in the petition to the commissioners, or adjoining any highway the grade of which might be changed by their order.

But, while not one of those whom a petitioner for the removal of a grade-crossing is required to make a party, it in fact appeared before the railroad commissioners at the time and place set for the hearing. Their records recite this fact, and the appellant insists that they also state that it was fully heard. The phrase on which it relies, "and said parties were fully and finally heard on said last mentioned date," is susceptible, grammatically, of two constructions: one making it apply only to the statutory parties, that is, to the appellee and the two towns, and the other making it apply both to them and the appellant. But there is no

reason apparent why the appearance of the appellant should have been thus explicitly recorded, unless it was thought by the commissioners important to show that it had been accorded a "day in court", and was a party to their final order. It is obvious that it may have had important interests to protect. It may have been the proprietor of one of the three industries located on the line of the "Bethel Branch." It is to be presumed that sufficient cause was shown to the commissioners to induce them to recognize its appearance. They were about to hear an application of an unusual character. Their approval was sought for removing sixteen grade-crossings by the method, not of altering the grade either of railroad or highway, but by lessening the use of the crossings for railroad purposes, while maintaining the tracks precisely as they were. Their use for through traffic was to be discontinued, but as a stem for spur tracks their use was to be maintained. Under these circumstances, it was, to say the least, within the power of the commissioners, to hear any one whose pecuniary interests would be affected by such a change in the operation of the railroad. That the nature of the interest of a party so affected, and who was allowed to appear, was not made a matter of record, cannot lessen his rights.

That the appellant became fully a party to the proceedings before the railroad commissioners therefore sufficiently appears; and this established its right of appeal under General Statutes, § 3747.

We intimate no opinion as to whether the case presented to the commissioners by the appellee falls within the provisions of General Statutes, § 3713; nor as to whether the appellant had a right to appear before them as a party, by virtue of its location in the town of Bethel.

The motion to dismiss filed in the Superior Court contained an averment that, in the month following the order appealed from, the railroad company brought a second petition before the commissioners, alleging that it had

failed to include in the list of grade-crossings contained in the former petition another on Greenwood Avenue in Bethel, and praying for their approval of its elimination; that an order to that effect was passed, after notice to the company and the town, which order was similar in terms to the former one, as to the mode of its elimination; and that no appeal had been taken from such order.

These facts had no place in such a motion, the office of which is not to allege new matter, but to take advantage of objections already apparent on the face of the record.

There is error, and the cause is remanded with instructions to overrule the motion to dismiss.

In this opinion the other judges concurred.