LOTTIE I. NORTON ET AL. *vs.* THE SHORE LINE ELECTRIC RAILWAY COMPANY (NORTON ET AL. APPEAL FROM RAILROAD COMMISSIONERS).

Third Judicial District, Bridgeport, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The allowance by the Superior Court of a motion to erase or dismiss a cause for want of jurisdiction, is a final adjudication, from which an appeal lies to this court.
Such order or judgment of dismissal should be formally entered of record, although in practice the appeal has sometimes been taken directly from the allowance of the motion and in the absence of a duly-recorded judgment-file.
A case should not be erased, however, unless the want of jurisdiction

Norton *v*. Shore Line Electric Ry. Co.

clearly appears on the face of the record: in case of doubt the motion should be denied.

A motion to erase for lack of jurisdiction, like a demurrer, admits all well-pleaded facts.

On an appeal to the Superior Court from a decision of the railroad commissioners relating to street-railways, it is sufficient for the appellant to allege, generally, that he is aggrieved, or claims to be aggrieved, by the order appealed from, without stating in detail the grounds of his grievance; and it is sufficient, in such cases, if the interest of the appellant in the controversy can be ascertained from the express terms of the appeal or from its necessary implications.

When an appellant alleges in his appeal all the grounds of his grievance and the want of jurisdiction is clear, a motion to erase or dismiss is the proper remedy. Where he merely alleges generally that he "is aggrieved" by the orders appealed from, or where grounds of grievance other than those stated apparently exist, a motion to erase or dismiss should not be granted. Under such circumstances reasons of appeal should be filed, either voluntarily or by order of court, and any questions of law arising thereon tested by demurrer, or, if the want of jurisdiction then appears, by a motion to erase or dismiss.

It is within the judicial power of the Superior Court, on an appeal to it in proper form, to afford relief to the owner of property abutting a highway whose legal rights have been threatened or injured by the irregular, unauthorized, or unreasonable action of the railroad commissioners in approving the location of a street-railway in such highway.

Until the directors of a street-railway company have voted to approve a plan of location in the highways, any action by the railroad commissioners upon appeals from the local authorities in relation to such location is unauthorized and premature.

In the absence of a copy of the proposed plan of location it cannot be determined—on a motion to erase—whether such location will constitute either a threatened invasion of the abutting owner's rights, or a material injury to his property, or is so unreasonable as to justify judicial interference; ordinarily these questions can only be determined on a trial.

The question whether certain orders respecting the location of a street-railway "will seriously damage" the appellant is a judicial, not an administrative, question.

A general allegation by the abutting owner, that he is aggrieved by orders of the railroad commissioners in so far as they concern the layout and construction of a street-railway in the highways adjacent to his land, sufficiently indicates that he claims damages to his property and a threatened invasion of his legal rights, especially

Norton *v.* Shore Line Electric Ry. Co.

in the absence of any showing in the record of a legal taking of his land.

It appeared from the findings of the railroad commissioners contained in the record, that the appeals of the plaintiffs in the present case, alleging that the location in question was unnecessary and seriously damaged them, had not been heard and determined, but had been dismissed by the railroad commissioners upon conclusions reached by them in another and entirely different case. *Held* that these orders of dismissal, if made by the railroad commissioners in the exercise of their power of regulation and upon such a consideration of the legal rights of the plaintiffs, were not only irregular and informal, but entirely unwarranted; and that the action of the Superior Court in erasing the cases from the docket, upon the ground that the appeals presented administrative and not judicial questions, constituted reversible error.

The defendant, as well as the plaintiffs, appealed to the railroad commissioners from the orders of the local authorities, which made certain modifications in the plan presented to them, and no notice was given to the plaintiffs of these appeals. *Held* that inasmuch as the record disclosed their appearance upon such appeals, and a hearing thereon by the railroad commissioners, it would be presumed, in the absence of any averment to the contrary, that they were fully and fairly heard; in which event the lack of any notice to them of the appeals of the defendant became of no consequence.

The courts of this State cannot review the action of an administrative body in matters purely administrative, unless such action involves an illegal use of power or of regulation.

Argued November 3d, 1910—decided January 6th, 1911.

APPEALS by the plaintiffs from orders of the railroad commissioners approving, with certain modifications, the action taken by the borough and town authorities, respectively, upon applications of the defendant for an acceptance and adoption of its plan of location in the highways of said town and borough, taken to the Superior Court in New Haven County and erased from the docket (*Williams, J.*) upon motion of the defendant, from which judgment the plaintiffs appealed. *Error and judgment reversed in each case.*

In this court the defendant filed a motion to dismiss the appeals for want of any proper assignment of error. *Motion denied.*

The following facts appear of record in the first case, known as 6922:—

The appellants are residents of the town and borough of Guilford, and owners of property fronting on York Street in said borough. In September, 1909, the appellee, The Shore Line Electric Railway Company, made application to the warden and burgesses of the borough of Guilford for the acceptance and adoption of a plan showing the highways in said borough through which it proposed to lay its tracks, the location of the same as to grade and the center line of said highways, and such changes as it proposed to make in such highways, and requested the acceptance and approval of said plan with such modifications therein as to them should seem proper, including the direction as to the placing or locating of its tracks, wires, conductors, fixtures and other permanent structures of such railway in said highways in accordance with § 3824 of the General Statutes.

On November 9th, 1909, the warden and burgesses accepted and adopted said plan subject to certain modifications.

On November 29th, 1909, said Railway Company duly appealed from certain portions of said decision and order of said warden and burgesses to the railroad commissioners. The railroad commissioners duly issued an order of notice to said Railway Company and to said warden and burgesses.

On December 9th, 1909, the appellants duly appealed to the railroad commissioners from that portion of said decision and order of said warden and burgesses "which approves the proposed location of said tracks of said company as to grade and center line of the highway in front of your petitioners' premises on York Street in said Guilford, and for reasons of appeal your petitioners allege that such location is unnecessary and will se-

riously damage them." The railroad commissioners duly issued an order of notice for a hearing on said appeals on December 15th, 1909, to said Railway Company, said warden and burgesses, and said Nortons.

On December 15th, 1909, hearing was had by said commissioners on each appeal, and said Nortons appeared and were parties to each appeal and heard thereon.

On April 20th, 1910, said commissioners issued their finding and order on the appeal of said Railway Company, granting the petition of said Railway Company to construct its railway in accordance with the plans submitted to and approved by said warden and burgesses, except as modified by them.

On said December 15th, said commissioners met, found that notice on appellants' appeals had been duly given, and then the finding recites: "And on said 15th day of December said Lottie I. Norton and Cynthia C. Norton, through their attorney, filed the following:" then follows a protest of appellants against the petition and appeal of said Railway Company dated December 4th, 1909 (this was the petition in case 6923); and the finding continues: "And said matter was continued from time to time until April 20, 1910, when the petition of The Shore Line Electric Railway Company, dated December 4, 1909 [this was the petition in case 6923], asking for the approval of its proposed method of construction through the town and borough of Guilford, was disposed of by approving the petition of said company as to its method of construction, and a finding issued to that effect April 30, 1910. The petitions of Lottie I. Norton and Cynthia C. Norton, dated December 9, 1909, are therefore dismissed."

The appellants appealed to the Superior Court from said finding and order of said commissioners.

The said Railway Company on June 14th, 1910,

moved to erase the appeal, because said orders of the commissioners involved legislative and administrative powers and not the exercise of judicial power.

The court, *Williams J.*, granted this motion on July 25th, 1910.

The appellants duly appeal therefrom because: 1. It is not certain that said order of the commissioners was not defective by reason of failure to give notice or to consider the claims of the appellants, or to give them a proper hearing, or for mistake of law or otherwise. 2. The appellants have the right to appeal and to have their appeal considered by the Superior Court so as to ascertain whether the commissioners acted legally, and whether their action is injurious to the legal rights of the appellants. 3. It does not appear that the location of the tracks of said railway in front of appellants' premises may not be injurious to appellants and an invasion of their legal rights. 4. It is only upon a hearing that the Superior Court can determine whether the questions which appellants wish to raise are questions for judicial determination. That the proper procedure for appellee was to secure the filing of reasons of appeal and then by demurrer test whether they are matters for judicial determination.

The following facts appear in case 6924: The facts set forth in case 6922 are the same as in this case, and the procedure is the same except that the petition of the Railway Company is to the selectmen of Guilford instead of the warden and burgesses of the borough, and their approval of the plan is with modifications different from those imposed in case 6922; and the appeals of said Railway Company and said Nortons to the railroad commissioners are from the order of the selectmen approving and adopting said plan with certain modifications differing from those imposed in

case 6922, and the approval and adoption of the plan is with modifications differing from those imposed in case 6922.

The commissioners dismissed the appeal of said appellants, and made said protest and their decision in 6923 the basis for such dismissal in all respects as in case 6922.

The appellants took their appeal to the Superior Court upon the same ground, and said Railway Company moved to erase said appeal on the same ground, as in case 6922, which motion the court, *Williams, J.*, granted, and the appellants took their appeals to this court, assigning the same errors as in case 6922.

*Henry G. Newton* and *Livingston W. Cleaveland*, for the appellants (plaintiffs).

*Charles Welles Gross*, for the appellee (defendant).

WHEELER, J. The Superior Court granted the motion to erase the appeal in each case, and the appeals are taken directly from its decision, no judgment-file having been entered of record.

Until there is a final judgment there can be no valid appeal. General Statutes, § 788, as amended by Chap. 112 of the Public Acts of 1905; *State* v. *Vaughan*, 71 Conn. 457, 460, 42 Atl. 640; *White* v. *Howd*, 66 Conn. 264, 266, 33 Atl. 915; *Cothren* v. *Atwood*, 63 Conn. 576, 29 Atl. 13; *Martin* v. *Sherwood*, 74 Conn. 202, 50 Atl. 564.

If the granting of the motion to erase is not a final judgment, it must follow that the appeal is void, and if so, the court is without jurisdiction and must erase these appeals whenever it ascertains its own want of jurisdiction, quite irrespective of how it obtained this knowledge. *Wildman* v. *Rider*, 23 Conn. 172, 176; *Banks* v. *Porter*, 39 id. 307, 308.

A final judgment is a determination of the rights of a litigant with respect to his suit. It is any adjudication which finally disposes of a case before a court.

A decision on a demurrer that a pleading is sufficient or insufficient is not necessarily a final judgment: by amendment the cause may continue to trial.

The decision of a motion to dismiss or erase an appeal for want of jurisdiction is a final adjudication: it throws the case out of court. 1 Black on Judgments (Ed. 1891) § 21; Freeman on Judgments (4th Ed.) § 12; 2 Ency. of Pl. & Pr. p. 72.

Any order or proceeding which disposes of the cause, and places the parties out of court, is final. *Hovey* v. *Crane,* 10 Pick. (Mass.) 440. We have so held on several occasions. *O'Brien's Petition,* 79 Conn. 46, 57, 63 Atl. 777; *Woodruff* v. *Bacon,* 34 Conn. 181, 184. In *Beard's Appeal,* 64 Conn. 526, 535, 30 Atl. 775, we said: "The appeal was well taken from the original order erasing the cause from the docket, and it is not invalidated by the nugatory attempt to review the action, subsequently had."

Appeals lay directly upon the granting of the motions to erase, for these were the judgments of the court.

In practice the appeal has sometimes been taken directly upon the granting of the motion of erasure or dismissal and no formal judgment-file has been placed on record. *Wheeler* v. *New York, N. H. & H. R. Co.,* 70 Conn. 326, 328, 39 Atl. 443, and *O'Brien's Petition,* 79 Conn. 46, 63 Atl. 777. And sometimes the formal judgment has been entered of record. *Williams Co.* v. *Mairs,* 72 Conn. 430, 44 Atl. 729; *Bethel & Redding Lime Co.* v. *New York, N. H. & H. R. Co.,* 82 Conn. 135, 72 Atl. 728.

The better practice is to enter of record all judgments or orders of dismissal or erasure. Such a record will be of assistance when the disposition of the case

shall become a subsequent matter of judicial investigation. In addition it will preserve among the records of the judgments of the court, where it belongs, this judgment of the court, equal in its conclusiveness to any.

In their appeals the appellants state they are aggrieved by the orders of the commissioners "in so far as the same concern the layout and construction of the railway and tracks of said The Shore Line Electric Railway Company in the highways in said borough and town of Guilford adjacent to your petitioners' property."

Nowhere in the appeals are the specific grounds of the grievance set forth.

The motion to erase in each appeal was based upon the single point, that the duties of the railroad commissioners in acting upon the petitions and appeals of said Railway Company from the local authorities were the exercise of legislative and administrative powers and not judicial; from which no appeal lay to the Superior Court.

This court has repeatedly held that it had no jurisdiction over the action of an administrative body of an administrative character, unless there was involved in such action an illegal exercise of power or of regulation.

A cause cannot be erased unless the want of jurisdiction appears plainly on the face of the record. *Wheeler* v. *New York, N. H. & H. R. Co.*, 70 Conn. 326, 39 Atl. 443; *Cocking* v. *Greenslit*, 71 Conn. 650, 42 Atl. 1000; *Halliday* v. *Collins Co.*, 73 Conn. 314, 318, 47 Atl. 321; *O'Brien's Petition*, 79 Conn. 46, 63 Atl. 777.

In a doubtful case the motion should be denied. And where the power in controversy is "so near the border line of judicial power that its definition calls for subtle distinctions and its nature depends to an extent on the purpose and manner of its use," the question of law may be dependent upon further al-

legations before the test of the question of power can
be applied, or it may have to await the trial. *Malmo's
Appeal,* 72 Conn. 1, 43 Atl. 485; *Spencer's Appeal,*
78 Conn. 301, 306, 61 Atl. 1010.

Like a demurrer, in such actions as these, the motion
to erase admits all well pleaded facts and it contests
the right of appeal on any and every ground; but, un-
like the demurrer, the decision of it is a final judgment.

No statute required the appellants to state in their
appeals to the Superior Court from the railroad com-
missioners the grounds of their grievance.

General Statutes, §§ 3832 and 3843, require such ap-
peals from the local authorities to so state. It could
not have been the intention of the framers of these
statutes that the reasons of appeal before the com-
missioners should stand as the reasons on appeal be-
fore the Superior Court, since the appeal is not by the
statutes required to contain these, and the cause before
the commissioners is tried *de novo* (*Hartford* v. *Hart-
ford Street Ry. Co.,* 75 Conn. 471, 53 Atl. 1010; *Water-
bury's Appeal,* 78 Conn. 222, 225, 61 Atl. 547) and any
illegality/ in their order cannot be controlled by the
limitations of these reasons of appeal.

The statute, General Statutes, § 3834, gives the right
of appeal to "any party . . . aggrieved by the decision
or order of said commissioners," and § 3843 gives the
right of appeal from the location by the local authorities
to "any owner of land fronting on such highway,
aggrieved by the location of said track."

One is aggrieved, in the sense in which this term
is used in these statutes, by a judgment or order when
his rights of property are injuriously affected. "Any
party aggrieved" is he who claims that his rights of
property are injuriously affected through the illegal
action of the railroad commissioners, and it appears
upon the face of the proceedings that this may be so.

In *Bethel & ·Redding Lime Co.* v. *New York, N. H. & H. R. Co.*, 82 Conn. 135, 141, 72 Atl. 728, we permitted an appeal by one who had not alleged its pecuniary interest, its only allegation being that it was aggrieved by the action of the railroad commissioners (General Statutes, §§ 3718, 3747). Its apparent pecuniary interest was as an industry in a town affected by the order of the commissioners discontinuing for through traffic a branch railroad, but maintaining it as a stem for spur tracks. We held the appellant's apparent pecuniary interest would be affected by such change in operation and that it might appear and be heard in the proceeding, and the fact that its interest was not disclosed of record did not lessen its rights, since it, in fact, had appeared in the cause, and we therefore remanded the cause with instructions to overrule the motion to dismiss. See also, *New York, N. H. & H. R. Co.'s Appeal*, 80 Conn. 623, 641, 70 Atl. 26.

In appeals from the railroad commissioners such as these, the more general practice has been to simply allege, as these appellants have done, that the appellants are aggrieved by the findings and orders of the railroad commissioners. *Bethel & Redding Lime Co.* v. *New York, N. H. & H. R. Co.*, 82 Conn. 135, 72 Atl. 728; *Spencer's Appeal*, 78 Conn. 301, 61 Atl. 1010; *Waterbury's Appeal*, 78 Conn. 222, 61 Atl. 547; *New York, N. H. & H. R. Co.'s Appeal*, 80 Conn. 623, 70 Atl. 26.

In the different classes of appeals, except probate appeals, given to one who is aggrieved, or claims to be aggrieved, we believe the practice generally has been to allege the appellant is aggrieved, or claims to be aggrieved, by the judgment or order appealed from, without stating in detail the grounds of the grievance.

In appeals such as this it is sufficient if an interest of the appellants in the controversy can be ascertained

from the express terms of the appeal or its necessary implications; it is unnecessary to state in the appeals the specific acts which constitute the grievance.

Of course an appellant may choose in his appeal to state in full the grounds of his appeal, and where this plainly appears and the want of jurisdiction is clear, a motion to erase or dismiss is the proper remedy.

Ordinarily such a condition will not occur. And where no grounds are stated, only the allegation that the appellant is aggrieved, or where other substantial grounds than those which may be stated apparently exist, the motion to erase or dismiss should not be granted. Under such circumstances the proper practice would require the filing of reasons of appeal, voluntarily or by order of court, and any legal question arising thereon might be tested by a demurrer, or, if the want of jurisdiction then existed, by motion to erase or to dismiss.

When the order of the commissioners appealed from is in any respect unauthorized in law, irregular or informal, or based upon a misconception of the law, or of their powers or duty, or it will materially damage an appellant, or it appears that it has invaded or threatened the legal rights of an appellant, or that it is so unreasonable as to justify judicial interference,—it is within the judicial power of this court on an appeal in proper form to set such order aside. *Spencer's Appeal,* 78 Conn. 301, 61 Atl. 1010; *New York, N. H. & H. R. Co.'s Appeal,* 80 Conn. 623, 70 Atl. 26; *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, 37 Atl. 1080, 38 id. 708.

Before the railway company could "proceed to construct" its railway "it shall cause a plan to be made showing the highway or highways in and through which it proposes to lay its tracks, the location of the same as to grade and the center line of said highways, and such changes, if any, as are proposed to be made in any highway," and secure the acceptance and adoption of

such plan by the local authorities with such modifications as to them shall seem proper. Public Acts of 1905, p. 448, Chap. 244, § 1. "This mode of procedure undoubtedly contemplates a plan of location of the railroad which has been previously approved by the directors." *New York, N. H. & H. R. Co.* v. *Stevens*, 81 Conn. 16, 18, 69 Atl. 1052.

These proceedings disclose no vote approving a plan of location by the directors of the railway company. Until such vote all action by the railroad commissioners in the appeals from the local authorities was unauthorized in law.

The plan of location upon which the railroad commissioners passed is not found in this appeal, nor recited in the finding and order of the commissioners attached to the appeals. A plan was submitted to the commissioners and the order states that a copy of the plan is on file in the office of the commissioners. The Superior Court could not determine whether the proposed location was either a threatened invasion of these appellants' legal rights, or would do material injury to their property, or was so unreasonable as to justify judicial interference, until it could know from the plan just what the location was and its relation to the appellants' property, and if in these particulars the plan and its relation to this property required explanation, only a trial could furnish this.

Ordinarily a subject of this kind will not be satisfactorily presented upon a motion to erase, but must be left to the trial.

In this case had the plan been made a part of the record this court might not have been able to have determined its relations to the appellants' property on a motion to erase.

In their assignment of reasons of appeal before the railroad commissioners the appellants alleged that these

orders "will seriously damage them." Were this in terms made a reason of appeal from the commissioners to the Superior Court, it must be conceded to be a matter within the judicial power of the Superior Court to ascertain, since it is a judicial and not an administrative matter.

In their appeals to the Superior Court the appellants allege they are aggrieved by said orders "in so far as the same concern the layout and construction of the railway and tracks of said railway in the highways in said borough of Guilford adjacent to appellants' property"

Had there been no specification in the reasons of appeal filed before the commissioners pointing the ground of grievance, the general allegation of grievance to a property owner adjacent to the highway on which the railway is located would have sufficiently indicated that the appellants made a claim of damage to their property and a threatened invasion of their legal rights, since, as far as the record shows, there had been no legal taking of the land of appellants. Only a trial could decide such a question.

The findings of the commissioners recite its order of notice in cases 6922 and 6924, and its hearing on the day named, December 15th, when the appellants in each case presented a protest against granting the appeal of the Railway Company because the plan filed with the commissioners showed that said company proposed to lay its tracks through private land owned by appellants on York Street, and no notice had been given them and no agreement made to allow said company to take said land. This protest was filed to case number 6923, and had no relation to cases 6922 and 6924. The findings further recite that the petition of the Railway Company was disposed of by approving the petition of said Company as to its method of construction and findings filed April 30th, 1910, and this was case 6923. The

findings then recite: "The petitions of Lottie I. Norton and Cynthia C. Norton, dated December 9, 1909, are therefore dismissed." They nowhere state that they heard, considered and determined the appeals of these appellants in cases 6922 and 6924.

The appellants state in their appeals that the commissioners did hear their appeals.

If the language of the findings is to be credited they did not give them any consideration. The findings give, as a reason for the dismissal of the appeals, the commissioners' approval of the Railway Company's petition and method of construction; that is, their decision in 6923 is the basis of their dismissal of the appellants' appeals in cases 6922 and 6924, which are cases entirely independent of 6923.

It may be that through inadvertence these records in the several appeals have been confused by the commissioners in making up their formal finding, though their decisions were perfectly clear, just as the appellants were confused in alleging in paragraph 7 of their appeals to the Superior Court that the hearing on cases 6922 and 6924 was on the protest filed in 6923. A strict construction of these appeals would lead to these conclusions.

A motion to erase depends upon the facts of record, not upon facts without the record; by these, the appellants never have had a determination by the commissioners of their reasons of appeal that such location is unnecessary and will seriously damage them, but have had their appeals dismissed upon conclusions reached in another case.

Such orders, if made by the commissioners in the exercise of their power of regulation upon such a consideration of the legal rights of these appellants, were not only irregular and informal, but entirely unwarranted in law, and involved a clear invasion of legal

rights of the appellants to their material injury, and ought not to stand.

These considerations present judicial, not administrative, questions.

A further grievance of the appellants is the failure to give them notice of the appeals of the Railway Company. No notice was given them, but they appeared, became parties to the appeals, and were heard; and the legal presumption, in the absence of allegation to the contrary, is that they were fully and fairly heard. Under such circumstances the failure to give them notice of the appeals of the Railway Company became of no consequence. The purpose of the notice was to give them the opportunity to appear and be heard; all this they had.

The appellants' motion to amend their several appeals should be granted in each case, and this disposes of the motions to erase, filed in this court by said Railway Company, adversely to it.

There is error, the judgments are reversed and the causes remanded with instructions to overrule the motions to erase.

In this opinion the other judges concurred.