CHARLOTTE HUDSON *vs.* GEORGE ROBERTS.

First Judicial District, Hartford, January Term, 1926.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and BANKS, Js.

Parties cannot confer jurisdiction upon a court by consent, but if the court has jurisdiction of the parties and the subject-matter, errors, mistakes or defects, which are merely formal or "circumstantial" within the meaning of § 5659 of the General Statutes, may be waived by stipulation or by failure to object at the proper time.

The defendant was arrested and summoned before the City Court of Hartford to answer to a bastardy complaint which was formally addressed to B, a justice of the peace, but in fact presented and sworn to by the plaintiff before N, a commissioner of the Superior Court, who likewise issued the warrant under which the defendant was taken into custody. The defendant made no objection in the City Court to this irregularity, but signed a stipulation by which he waived examination and consented to be bound over to the Court of Common Pleas where, by a motion to erase the cause from the docket, he raised for the first time the question of N's authority to act under the complaint. The trial court granted the motion. *Held* that the trial court erred.

Argued January 8th—decided February 23d, 1926.

BASTARDY COMPLAINT, brought to the City Court of Hartford (*Ross, J.*) which found probable cause and bound the defendant over for trial in the Court of Common Pleas for Hartford County, where the defendant moved to erase the case from the docket; that court, *Molloy, J.*, granted the motion and entered judgment thereon, and the plaintiff appealed. *Error, judgment set aside, and the Court of Common Pleas ordered to restore the case to the docket.*

The record discloses that the plaintiff instituted bastardy proceedings by a written complaint containing the essential allegations, formally addressed to Abraham S. Bordon, a justice of the peace. She made

oath to this complaint before Milton Nahum, a commissioner of the Superior Court for Hartford County, and he issued a warrant to arrest the defendant, and have him forthwith before the City Court of the city of Hartford. This warrant was in the form employed in bastardy proceedings, and the defendant was arrested and duly brought before the City Court of Hartford. In the City Court the parties appeared, no objection was made on the ground of irregularity in the proceedings, and the parties entered into the following stipulation:

"It is hereby agreed by the defendant acting herein by his attorney Howard P. Drew, and the plaintiff acting herein by her attorney Milton Nahum, that the examination of the defendant in the above entitled action is hereby waived without a public hearing, and that an order to that effect may be entered by the Judge of the City Court in Chambers; and that the defendant be hereby bound over to the Court of Common Pleas for Hartford County, Hartford."

The City Court thereupon found that probable cause existed, and adjudged that the defendant be bound by a sufficient surety to appear before the next Court of Common Pleas for Hartford County to answer the charges in the complaint and abide the decision of that court.

In the Court of Common Pleas the parties appeared, a supplemental complaint was filed, and the defendant moved to erase the case from the docket for these reasons: "Because the complainant made her complaint to one Abraham S. Bordon, Esquire, a Justice of the Peace for the County of Hartford but her oath was taken by one Milton Nahum, Commissioner of the Superior Court for Hartford County, and for further reason that the process commanding the arrest of the body of the defendant was issued by the said

Milton Nahum, Commissioner of the Superior Court for Hartford County and not by the authority before whom and to whom the said complainant made her complaint, contrary to the statute." This motion the court granted.

*Isaac Nassau,* for the appellant (plaintiff).

*Howard P. Drew,* for the appellee (defendant).

CURTIS, J.   Assuming that, under the facts, there was an irregularity in the procedure followed, which would justify the dismissal of the proceedings on motion, if made in due season, then we have a case where the defendant was brought into the City Court in an informal way, and in that court made no objection to the informality, but, on the contrary, agreed to the jurisdiction of that court, by stipulation, and was duly bound over to the Court of Common Pleas and therein appeared.

By his stipulation and conduct the defendant has waived any right he may have had to question the jurisdiction of the Court of Common Pleas to proceed with the case. The City Court and the Court of Common Pleas had jurisdiction over the parties and the subject-matter. The stipulation was not an attempt by parties to give jurisdiction to a court, which had no jurisdiction over either the subject-matter or the parties. The claimed defect was a formal defect, and not a defect of a matter of substance. Such a defect may be waived by failure to object to it at the proper time.

"The general rule is that an objection to a pleading may be waived by failure to urge the objection at a proper time. . . . A failure to make a motion is

generally deemed a waiver of defects or objections for which the motion lies." 31 Cyc. 717, 718.

The statute as to "circumstantial errors, mistakes or defects" is applicable. General Statutes, § 5659. See also *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 78 Atl. 587; *Woodruff v. Bacon,* 34 Conn. 181; *Spencer's Appeal,* 78 Conn. 301, 303, 61 Atl. 1010; *Smith* v. *State,* 19 Conn. 493; *Davis* v. *McEnaney,* 150 Mass. 451, 23 N. E. 221; *Wheeler* v. *New York, N. H. & H. R. Co.,* 70 Conn. 326, 39 Atl. 443; *Coyne* v. *Plume,* 90 Conn. 293, 97 Atl. 337.

There is error, the judgment is set aside and the Court of Common Pleas is ordered to restore the case to the docket to be proceeded with according to law.

In this opinion the other judges concurred.