## MARGARET ESTEN
vs.
## CHRISTINE MATSEN, ET AL.

Superior Court        Fairfield County        File #47993

Present:   Hon. JOHN A. CORNELL, Judge.

Murray Reich,                Attorney for the Plaintiff.

Pond, Morgan & Morse,        Attorneys for the Defendant.

## MEMORANDUM FILED JUNE 29, 1935.

CORNELL, J.   The instant pleading is, in reality, a plea in abatement in form and very probably, intention.

The question which it raises, however, is not a mere matter of abatement, but one of jurisdiction of the court to adjudicate concerning the cause.

The writ describes the defendants as residents of this state who live in Fairfield.

As concerns the service of process upon residents of this state, one means, only, is provided for by statute, viz., that described in General Statutes, Rev. 1930, #5468.

It appears from the return of the officer to whom service of process was committed, that he did not comply with the prescribed terms of the statute.   In consequence, the service is utterly void.   Clover vs. Uriban 108 Conn., 13, 17, 18.

To permit service upon the defendants under the provisions of General Statutes, Rev. 1930, #5473, which apparently the officer serving the writ, attempted to do, two conditions must co-exist, viz., (1) the defendant must be a non-resident and (2) must have been operating a motor vehicle on a public highway in this state when the accident which forms the subject matter of the action, occurred.   Hartley vs. Vitiello, 113 Conn. 74.

As this matter stands, the court is without jurisdiction.

The proper way in which to raise that question, however, is by motion to dismiss or motion to erase,—usually the latter. Murphy vs. Elms Hotel, et al, 104 Conn., 351, 354.   See also, Hudson vs. Roberts, 104 Conn. 126; Clover vs. Urban, Supra.

Persky vs. Puglisi, 101 Conn., 658, 664.

The court, may, itself, dismiss the cause when a total lack of jurisdiction appears on its own motion, and a plea in abatement is as effective in bringing such a situation to its attention as any other means. Charealerk vs. N.Y., N.H. & H. R. R. Co., 101 Conn. 356. Equitable Trust Co., Extr. vs. Plume, et als, 92 Conn., 649; Coyne vs. Plume, et als, 90 Conn. 293; Woodmont Ass'n. vs. Milford, 85 Conn., 517; Gallup vs. Jeffrey, 86 Conn. 308.

This the court would do here, were it not for the fact that it cannot speculate, notwithstanding the defendants' presently evinced attitude, that defendants will not hereafter enter a general appearance, answer and contest the case, and perhaps even seek affirmative relief, and cannot decide in advance whether under such circumstances the defect might be found to be curable. Hudson vs. Roberts, Supra; Persky vs. Puglisi, Supra; Burr vs. Ellis, 657, 662; Receiver, Middlesex Banking Co. vs. Realty Investment Co. 104 Conn. 206.

As to the present plea, no issue of either law or fact has been joined. Practice Book #128. Neither was any offer of testimony made by either side. If it is to be pressed, the pleadings should be closed.

Since, however, the defect which is sought to be reached, goes to the jurisdiction of the court—in contradistinction to mere formal or circumstantial defects—a motion to dismiss or erase, may be made at any time when the court is in session. See cases cited, supra.

For the reasons stated the instant motion is denied.