CONNECTICUT TELEVISION, INC. *v.* EUGENE S. LOUGHLIN ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 150955

Memorandum filed July 5, 1967

*Day, Berry & Howard,* of Hartford, for the plaintiff.

*Ribicoff & Kotkin,* of Hartford, for the defendant N. E. Industry, Inc.

*Bascom & O'Brien,* of New London, for the defendant Bridgeport Community Antenna T.V.A.T.

*Daddario, Slitt, Jacobs & Sullivan,* of Hartford, for the defendant Cable Video, Inc.

*Max M. Savitt,* of Hartford, for the defendant Greater Hartford Broadcasting.

*Smith, Smith & Mettling,* of Torrington, for the defendant Ducci Electric Company.

*Harold M. Mulvey,* attorney general, and *John K. Jepson,* assistant attorney general, for the defendant Public Utilities Commission.

*Frank R. Odlum,* of Hartford, for the defendant Public Utilities Commission.

*Sachs, Sachs, Giaimo & Sachs,* of New Haven, for the defendant M. Jenetopoulos Systems.

*John L. Collins,* of Hartford, for the defendants G. Ogle and P. Hancock.

*Thomas J. O'Sullivan,* of Orange, for the defendant Teletron, Inc.

*Joseloff, Murrett & Knierim,* of Hartford, for the defendant Grossco C.A.T.V., Inc.

*Ells, Quinlan & Eddy,* of Winsted, for the defendant Eastern Cablevision Company.

*Bailey & Wechsler,* of Hartford, for the defendant Lavitt Cablevision.

*Cooney & Scully,* of Hartford, for the defendant Teleprompter Corporation.

*Gould, Killian & Krechevsky,* of Hartford, for the defendant Outlet Company.

*Sturges & Mathes,* of Woodbury, for the defendant Waterbury Community Antenna, Inc.

PARSKEY, J. The motion to dismiss is an anomaly in our trial practice. Although in the past this motion has been treated as a motion to erase; *Ragali* v. *Holmes,* 111 Conn. 663, 664 (1930); whose office was not to allege new matter but to take advantage of objections already apparent on the face of the record; *Bethel & Redding Lime Co.* v. *New York, N.H. & H.R. Co.,* 82 Conn. 135, 142 (1909); since the adoption of the 1963 Practice Book there is no justification for its continued use. The Practice Book recognizes only two methods of making a plea to the jurisdiction, namely, a plea in abatement; Practice Book § 93; and a motion to erase. Practice Book § 94. Despite the fact that the motion to dismiss at the trial level is possessed of neither statutory nor case law authority; Stephenson, Conn. Civ. Proc. § 77c; and that our Supreme Court has admonished that innovations should not be put into practice ex parte by counsel; *Vigue* v. *John Hancock Mutual Life Ins. Co.,* 147 Conn. 305, 306 (1960); this motion, usually embroi-

dered with its federal practice piping, continues to press for recognition in our courtrooms. Until such time as the rules are changed so as to permit its use, the court would be foolhardy to give it even colorable recognition.

Accordingly, the motions of Teleprompter Corporation of New York and Greater Hartford CATV, Inc., to dismiss are expunged as improperly filed. *Snelling* v. *Merritt,* 85 Conn. 83, 92 (1911).