## BURROWS V. PIXLEY.

Where a common nuisance, is a particular injury to any one more than to the rest of the citizens in general, he may have an action for it.

ACTION of the case for a nuisance; declaring, that Poquanock river is a large navigable river, or arm of the sea, for four miles northward to where the post road crosses the same, and to the plaintiff's dwelling-house and farm in said Stratford, where the plaintiff now and for more than thirty years last passed hath dwelt; which forms a peninsula, around which the two branches, constituting said river meet, where the plaintiff now and for more than thirty years last passed, hath had and owned a store conveniently situated for vessels and boats to pass to and from, up and down said river loaded; in which large quantities of the produce of the state, also goods and merchandise, have usually been deposited for the purpose of transportation by water by the plaintiff, by means

of the navigableness of said river to his great emolument; that he is concerned in the coasting business through said river to Boston, New York, and elsewhere; that he is a farmer and raises large quantities of produce on his farm for exportation by said river; that he has been at much expense in providing boats for the purpose of fishing, oystering, and clamming, and hath derived much profit thereby. That he hath for many years last passed and still owns a ship-yard on his said farm, where he carries on the business of ship-building; by all which ways the plaintiff hath derived much profit to himself, through the navigableness of said river: All which he possessed and enjoyed until on or about the 10th day of October A. D. 1783, when the defendant to injure and deprive the plaintiff of the many and great advantages derived from the navigation of said river aforesaid, erected a dam across said river about three-quarters of a mile below the plaintiff's said house, farm, store, ship-yard, etc. at the narrows, to the height of about five feet above low-water mark in said river; which effectually obstructs all vessels and boats passing up and down said river, to and from the plaintiff's said house, farm, store, and ship-yard, through the narrows aforesaid; and ever since hath continued said dam across said river to the nuisance and great detriment of the plaintiff in his trade, navigation and husbandry. Damage £300. Demurrer to the declaration.

Exception — That the declaration is too general — which amounts to no more than a common nuisance; for which every citizen might have an action as well as the plaintiff; that the declaration does not allege any particular injury he has suffered; that any vessel of his or of any other person has been hindered coming up or going down said river, or the like, which is necessary in order to his supporting an action, etc.

Judgment — That the declaration is sufficient. Although an obstruction formed across a navigable river or a highway, is a common nuisance to all the citizens who have occasion to pass that way; yet if any one receives a particular injury thereby he may have his action.

Strong et al. v. M'Donald.

The plaintiff in this case sets forth certain private rights and advantages, which he hath and for many years passed hath been possessed of and enjoyed through the open navigation of said river, which he is wholly deprived of by means of erecting said dam across said river, which were a great source of profit to him, in his store, ship-yard, and navigation; which are not common to all the citizens: Further, it would be absurd to say that where a man's door is obstructed by an impassable ditch, that he must cause some of his family to attempt to pass it and break their bones before he can have an action for the injury, the very forming the ditch, although in the public highway is as to him a private injury.