MASKEL CONSTRUCTION COMPANY, INC. *v.* THE AMERICAN MASONS' SUPPLY COMPANY

THE AMERICAN MASONS' SUPPLY COMPANY *v.* MASKEL CONSTRUCTION COMPANY, INC.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, JS.

Argued October 15—decided November 6, 1969

*Walter R. Dudek,* with whom, on the brief, was *Walter W. Arthur,* for the appellant (plaintiff in the first case and defendant in the second case).

*Richard M. Feingold,* with whom was *Catherine J. Petersen,* for the appellee (defendant in the first case and plaintiff in the second case).

THIM, J. These cases were consolidated and tried together. Both of them arose from a sale and delivery in May, 1960, of "slipseal" pipe by The American Masons' Supply Company, hereinafter referred to as American, to the Maskel Construction Company, Inc., hereinafter referred to as Maskel. The pipe was made of vitrified clay to which bituminous collars had been moulded, and, by applying a special solvent at the job site prior to assembly, a tight seal would theoretically be formed upon joining the pipes. The pipe was used by Maskel in the construction and installation of a sanitary sewer line on Hyde Road in West Hartford. During and after the installation of the sewer line, water infiltrated into the line. To eliminate the infiltration, Maskel was required to make substantial repairs to the sewer line.

In the first case, Maskel sought recovery of its expenses in repairing the line. Its claim was that American sold defective pipe which had been expressly and impliedly warranted as pipe of very high quality and fit for use as a sewer line. In support of its claim that American impliedly warranted the quality of the pipe, Maskel relied on § 42-14 of the

General Statutes (Rev. 1958) (see General Statutes [Rev. to 1962] §§ 42a-2-314, 42a-2-315, effective October 1, 1961), which provides for implied warranties of quality in contracts to sell and in sales.

In the second case, American sought to recover from Maskel the value of the pipe sold together with money owing on account. Maskel pleaded a counterclaim containing the same allegations as those which appear in its complaint against American.

The court concluded that Maskel failed to prove (1) that the pipe was not fit for the purpose for which it was intended, (2) that the pipe was not of merchantable quality, and (3) that the pipe was defective.

In the first case judgment was rendered for the defendant American. In the second case judgment was rendered for American on the complaint and on the counterclaim. Maskel appealed from the judgment in each case and the appeals have been combined in a single record.

The Maskel Construction Company, Inc., is not entitled to the additions to the finding which it seeks. Its brief and appendix disclose nothing to show that any of these facts material to the case were, at the trial, admitted or undisputed. *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 223, 215 A.2d 123.

The conclusions which the court reached find adequate support in the subordinate facts. *Kobryn* v. *Kobryn,* 156 Conn. 638, 639, 244 A.2d 411.

There is no error in either case.

In this opinion the other judges concurred.