SEA BEACH ASSOCIATION, INC., ET AL. *v.* WATER
RESOURCES COMMISSION ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 10—decided November 22, 1972

*Sydney C. Kweskin,* with whom, on the brief, was *Stephen M. Seelig,* for the appellants (plaintiffs).

*Brian E. O'Neill,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (named defendant).

*Melvin M. Dichter,* for the appellee (defendant Chetwood Elliott, Jr.).

BOGDANSKI, J. This is an appeal from a judgment sustaining the action of the defendant commission in

issuing a permit to construct and maintain a pile and timber pier in Westcott Cove in the city of Stamford.

On December 2, 1968, the defendant Chetwood Elliott, Jr., pursuant to § 25-7d of the General Statutes, filed with the named defendant the state water resources commission, hereinafter referred to as the commission, an application for a permit to install a 110-foot pier, a twenty-five-foot ramp, and a twenty-foot float from his residential property into the waters of Long Island Sound. On December 16, 1968, the commission, pursuant to § 25-7d of the General Statutes, notified, by certified mail, the mayor of Stamford, the chairman of the Stamford zoning board and the chairman of the Stamford planning board that it had under consideration Elliott's application and that it was required to consider the proposed project in accordance with § 25-7b.

The commission held a public hearing on the application on April 9, 1969, and on September 19, 1969, issued a certificate which stated that the proposed work was in conformity with the purposes of § 25-7b and not in violation of any of its provisions.[1] The certificate contained the following provision: "This certificate is subject to and in no way derogates any present or future property or other rights

[1] "[General Statutes] Sec. 25-7b. REGULATION OF ERECTION OF STRUCTURES IN TIDAL, COASTAL OR NAVIGABLE WATERS. The water resources commmission shall regulate the erection of structures, and work incidental thereto, in the tidal, coastal or navigable waters of the state with due regard for the prevention or alleviation of shore erosion, the use and development of adjoining uplands, the improvement of coastal and inland navigation for all vessels, including small craft for recreational purposes, the use and development of adjacent lands and properties and the interests of the state, including pollution control and recreational use of public waters, with proper regard for the rights and interests of all persons concerned."

or powers of the State of Connecticut, and conveys no property rights in real estate or material nor any exclusive privileges, and is further subject to any and all public and private rights and to any federal, state or local laws or regulations pertinent to the property or activity affected hereby." The plaintiffs appealed to the Superior Court under the provisions of § 25-17 of the General Statutes. The trial court dismissed the appeal and the plaintiffs have appealed to this court.

The first assignment of error is that the court erred in refusing to find the material facts set forth in eleven paragraphs of the plaintiffs' draft finding, which are claimed to have been admitted or undisputed. To secure an addition to a finding on this ground, it is necessary for an appellant to point to some part of the appendix, the pleadings, or exhibits properly before us, which discloses that the appellee admitted that fact or that its truth was conceded to be undisputed. *State* v. *Dukes,* 157 Conn. 498, 500, 255 A.2d 614; Maltbie, Conn. App. Proc. § 158. That a fact was testified to and was not contradicted is insufficient. Practice Book § 628 (a). The plaintiffs' claims are completely devoid of support in the record.

The issues raised by this appeal include: (1) whether sufficient evidence was before the commission to warrant the granting of the permit; (2) whether the notice of the hearing was legally adequate; and (3) whether the plaintiffs are such "aggrieved" parties as to have standing to bring this appeal.

The plaintiffs assign error in the trial court's conclusion that the plaintiffs had failed to establish their claim of aggrievement. Section 25-17 of the General Statutes provides: "Any person, firm or

corporation, whether public or private, aggrieved by any order, authorization or decision of the commission may appeal therefrom to the superior court." By the terms of the statute only those "aggrieved by" a commission order may appeal pursuant to § 25-17. Therefore, the question of aggrievement is one of jurisdiction. Unless aggrievement is established, there is no right of appeal pursuant to § 25-17.

The trial court's conclusions are tested by the finding. *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645; *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. The conclusions reached by the trial court must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500; *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855.

The plaintiffs introduced no evidence at the trial concerning aggrievement. Their appeal to the Superior Court alleged merely that they were owners of property in the city of Stamford; that they were "aggrieved" because: (1) the commission failed to give due regard to § 25-7b; (2) proper notice of the hearing was not given; (3) the decision of the commission was not in accordance with the application; (4) due compliance was not had with §§ 25-7c and 25-7d; (5) the order as issued was ambiguous and left the rights of the applicants unclear and (6) the action of the commission was arbitrary, illegal and in abuse of its powers.

No facts were pleaded or proved to show how the action of the commission affected the plaintiffs to a greater degree than any other resident of Stamford. In fact, the claims of "aggrievement," enu-

merated here, could have been raised by any citizen of Stamford. Aggrievement requires a showing that the plaintiffs have a specific, personal and legal interest in the subject matter as distinguished from a general interest. *Sheridan* v. *Planning Board,* 159 Conn. 1, 13, 266 A.2d 396. To be aggrieved within the meaning of § 25-17 requires that property rights be adversely affected by an "order, authorization or decision" of the commission. *Kram* v. *Public Utilities Commission,* 126 Conn. 543, 548, 12 A.2d 775; *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 33, 78 A. 587. Here, no showing was made as to how any rights of the plaintiffs were affected by the action of the commission. In fact, the action of the commission was not an adjudicative proceeding so far as the plaintiffs are concerned. "The plaintiffs' rights, such as they are, remain, by the express terms of the permit, unaffected by it." *Bloom* v. *Water Resources Commission,* 157 Conn. 528, 536, 254 A.2d 884. If the plaintiffs' rights are infringed or threatened by any action of the defendant Elliott they can be protected adequately in an appropriate action where they can be fully heard. *Bloom* v. *Water Resources Commission,* supra, 537; *Edward Balf Co.* v. *Hartford Electric Light Co.,* 106 Conn. 315, 326, 138 A. 122; *Cole* v. *Austin,* 107 Conn. 252, 268, 140 A. 108; *Frink* v. *Lawrence,* 20 Conn. 117; *Burrows* v. *Pixley,* 1 Root 362; 56 Am. Jur. 1072, Wharves, § 11; 56 Am. Jur. 689, Waters, § 231.

The plaintiffs are not entitled to the addition to the finding which they seek. *Brauer* v. *Freccia,* supra, 290; *Maskel Construction Co.* v. *American Masons' Supply Co.,* 158 Conn. 458, 460, 262 A.2d 274. The conclusion of the trial court must stand as it is not inconsistent with the facts found. *Brauer* v. *Freccia,* supra, 293; *Sheridan* v. *Planning Board,*

supra. The plaintiffs have, therefore, failed to establish the "aggrievement" necessary for jurisdiction under § 25-17. Inasmuch as our conclusion concerning the question of aggrievement is dispositive of this case, we do not deal with the other issues raised on this appeal.

There is no error.

In this opinion the other judges concurred.