[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal brought by the plaintiffs, appealing the decision of the Commissioner of Health Services, upholding an order of the health director of the Town of Avon denying the plaintiffs a permit to construct a subsurface disposal system on their lot at 16 Mountain Estates Drive in Avon.
The plaintiffs had made an application to the Town of Avon for the approval of a disposal system on a lot which at the time the plaintiffs purchased it was denoted on the Avon Land and Town records as unbuildable because it was unsuitable for the sewage disposal system in its current condition. The property had been designated by the Town as unbuildable because of the impenetrable nature of the soil and associated high ground water levels.
Judicial review of an administrative decision is governed by Conn. Gen. Stat. 4-166 et seq. The scope of review is very limited. The court may not substitute its judgment for that of the agency as to the weight of evidence. Griffin Hospital vs. Commission on Hospitals and Health Care, 200 Conn. 489
(1986). The courts duty is to decide whether in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion.
First, the court must determine whether the petitioning party is aggrieved. The requirement means that the decision under appeal must have an adverse effect on a legitimate personal interest of the appellants. Sea Beach Assn. Inc. vs. Water Resources Commission, 164 Conn. 90, 93-94 (1974).
The court must be satisfied that the plaintiff alleges facts, which if proved, would constitute aggrievement as a matter of law and the plaintiff proves the truth of these factual allegations. Beckish vs. Manafort, 175 Conn. 415, 419
(1978). CT Page 4478
The court finds that the plaintiffs have pleaded and proved the requirements and the court finds the plaintiffs are aggrieved.
Analysis of the record discloses that the plaintiffs presented to the Town of Avon an engineering plan which the plaintiffs expected would meet the problems existing on the lot and ultimately result in the issuance of a building permit for a subsurface sewage system. The plan was reviewed by Mr. Arthur Castellazzo, who, after review, determined among other things that the information presented by the design engineer has demonstrated the feasibility of developing this site.
The local director of health, notwithstanding the submission of this plan, rejected the application.
The decision was appealed to the Department of Health Services and a hearing was held in front of Hearing Officer Rudolph P. Arnold. On January 13, 1989, he issued a proposed decision. His recommendation was to uphold the directors order denying the application for a permit to construct until such time as certain pre-conditions are satisfied.
On May 22, 1989, the Commissioner filed his final decision.
The Commissioner made the following Findings of Fact:
 1) On August 25, 1988, the application for a permit to construct a subsurface sewage disposal system on Lot 16, Mountain Estates Drive, was denied by the Avon Director of Health Hudson H. Birden, Jr.
2) The existing soil on Lot 16 is impervious.
 3) The lot is incapable of supporting a subsurface sewage disposal system because of the impenetrable nature of the soil and the associated high ground water levels.
 4) The engineer for the petitioner submitted a report and a proposed plan for development of this lot. The local director of health notwithstanding the submission of this plan rejected the application.
The court can not substitute its findings for that of the Commissioner.
The Commissioner made findings to the effect that the lot is incapable of supporting a sewage disposal system because of CT Page 4479 the impenetrable nature of the soil and the associated high ground water levels.
The well established practice is to accord great deference to the time tested construction given a statute by the agency charged with its enforcement. Griffin Hospital vs. Commission on Hospital and Health Care, 200 Conn. 489, 497 (1985). The regulations were written by the agency. Its interpretation of its own regulation is binding on the court as long as that interpretation is in conformity with the rules of statutory construction. Review of the administrative conclusions of law reached administratively is restricted. "Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence the (agency) has acted unreasonably, arbitrarily, illegally or in abuse of its discretion." Griffin Hospital vs. Commission on Hospitals and Health Care, 200 Conn. 489,496; New Haven vs. Freedom of Information Commission,205 Conn. 767, 774 (1988). Conclusions of law must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such acts. Finkenstein vs. Administrator, 192 Conn. 104, 112-112 (1984); New Haven vs. Freedom of Information Commission, supra at 774 (1988).
The Commissioner in his decision concluded that based on his findings to grant a permit would defeat the purpose of the regulatory scheme. Record (2) at 170. This conclusion was based on his finding that the lot was clearly unsuitable for construction of a sewage system as currently constituted.
The findings and conclusion are based on the evidence in the record and the court can not substitute its findings and conclusions. Altholtz vs. Connecticut Dental Commission,4 Conn. App. 307, 310 (1985).
The Commissioner concluded that impositions of conditions by a local health director prior to the issuances of a permit to construct is improper. "The local director of health is without authority . . . . to mandate tasks to be fulfilled. His only interest is that the lot be remedied so that it satisfies the requirements for the issuance of a permit to construct. Record (3) at 171.
The Commissioner concluded that a landowner may not be ordered to file an application to construct a system unless he wants to. Likewise, he cannot be mandated to fulfill pre-conditions before he exercises that right.
The court finds that the findings of fact are supported by CT Page 4480 the evidence. The conclusions are consistent with the underlying facts found.
The Decision of the Commissioner is sustained and the Appeal of the Plaintiffs is denied.
KOCAY, J.