[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, New Haven Savings Bank, seeks to foreclose a second mortgage on property known as 918 Wintergreen Avenue in Hamden, owned by defendants sernard Schechter and Lori J. Schechter. The first mortgagee of the property is Fireman's Fund Mortgage Corporation.
The defendants have filed a counterclaim seeking specific performance of a claimed contract with Saybrook Bank and Trust Company to refinance the mortgage at issue, which secured a loan made by Saybrook Bank and Trust before it was closed and taken over by the Federal Deposit Insurance Company, which sold its assets to the plaintiff New Haven Savings Bank.
The court finds the facts to be as follows. On December 12, 1988, defendants Bernard L. Schechter and Lori J. Schechter borrowed $67,000.00 from Saybrook Bank and Trust, secured by a second mortgage on their house. CT Page 2651
The loan is in default. The sum of $64,896.01 in principal is due, $13,446.72 in interest, and $1,166.78 in late charges. In the fall of 1991, defendant Bernard Schechter began negotiations with Saybrook Bank and Trust seeking to refinance. A bank employee, Steven Holthausen, discussed potential terms for refinancing and made a recommendation to the bank's board of directors as to those terms. Though Mr. Schechter testified that Mr. Holthausen told him on December 5, 1991 that the refinancing was a "done deal" and scheduled a closing for the new transaction for December 10, 1991, the court finds that no agent of the bank with authority to commit the bank to a new loan in fact made any such commitment before the FDIC seized the bank on December 6, 1991.
Mr. Holthausen did not testify. Leonard Sager, who supervised Mr. Holthausen in November and December 1991, testified that, although he approved the arrangement recommended by Holthausen, neither he nor Holthausen had authority to agree on behalf of the bank without confirmation by the board of directors, which met weekly to review recommended transactions. Mr. Sager further testified that in late November and early December 1991, Saybrook Bank and Trust was operating under what he termed an "FDIC letter" regulating its ability to commit the bank's funds. It was Mr. Sager's testimony that no formal commitment letter approving the arrangement outlined to the defendants was ever issued to them because the arrangement was never approved by the bank's board. He characterizes a handwritten facsimile summary transmitted by Holthausen to the defendants as a "proposal." That FAX, Exhibit 2, the document relied on by the defendants in their claim against the successor bank, is not signed by the borrowers or by an agent of the bank with authority to contract on behalf of the bank.
No note or mortgage deed was ever prepared incorporating the terms recommended to the bank's directors in the FAX from Mr. Holthausen, and no closing ever took place. The defendants testified that they agreed orally to the terms set forth in the FAX and they relied on the bank to close on the refinanced loan.
The plaintiff argues that the alleged agreement by Saybrook Bank and Trust to refinance would not be binding on the FDIC or the successor, the plaintiff bank, pursuant to 12 U.S.C 1823(e). It is not necessary to address this claim because the defendants have not proven the existence of a completed agreement by Saybrook Bank and Trust. Though they characterize the Holthausen CT Page 2652 FAX as a loan commitment, the evidence established that it was, in fact, merely a copy of the proposal that Holthausen was making to the bank's board, and that the board never acted on the recommendation. Holthausen's predictions of acceptance by the board, which gave rise to his scheduling a closing date, were merely predictions, not the equivalent of an agreement.
Except in a situation in which an action is one which is clearly within the scope of general authority conferred on an agent by virtue of his position, a party who seeks to recover against a principal on the basis of agreement by an alleged agent must demonstrate that the agent was expressly or implicitly authorized by the principal. Czarnecki v. Plastics Liquidating Co., 179 Conn. 261, 268 (1979). The defendants have failed to prove that Holthausen had authority to make refinancing agreements on behalf of the bank or that he had ever obtained express authority as to the proposed transaction described in the FAX to them. On its face, that document reveals itself to be a proposal "respectfully submitted" by Holthausen or approval. Absent evidence that approval was ever obtained, Saybrook Bank and Trust assumed no enforceable obligation to the defendants and there was no agreement other than the original note and mortgage to which the FDIC and successor bank are bound.
The defendants' special defense of modification is found to be without merit.
The plaintiff has established that it is the owner of a mortgage note and deed memorializing a loan to the defendants in the amount of $67,000.00. The amount due on the note, which is in default, is $64,896.60. Unpaid interest, as of March 3, 1993, was $13,446.72, and late charges amount to $1,166.78. The note provides for recovery of reasonable counsel fees, which the court finds to be $3,250.00 as to the entire proceeding.
The court finds, on the basis of the testimony of appraiser Albert C. Fucci, that the value of the mortgaged property is $138,000.00 ($40,000.00 as to land, $98,000.00 as to buildings). The plaintiff has requested a judgment of strict foreclosure; however, no evidence was presented concerning the balance due on the first mortgage, so that the court is unable to determine whether there is any equity and whether foreclosure should be by sale or by strict foreclosure.
The special defenses and counterclaim having been CT Page 2653 adjudicated in its favor, the plaintiff may proceed on the foreclosure calendar.
Judgment shall enter in favor of the plaintiff as to the defendants' counterclaim.
Beverly J. Hodgson