[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 16893
The plaintiffs, Philip E. Briere, et als, hereinafter "Briere," have appealed the decision of the Plainfield Planning and Zoning Commission, hereafter "Commission" granting a zone change for property located at 90 Moosup Road in the Wauregan section of Plainfield owned by the defendant Moosup Road Limited Partnership, hereinafter "Moosup partnership."
The court finds as follows:
On or about September 1, 2000, Moosup partnership requested a zone change of its property from RA60 Residential District, to Industrial. In May of 2000, the Commission had denied a similar zone change application citing traffic concerns. Prior to the public hearing of October 10, 2000, a protest petition was filed by neighboring residents.
At the public hearing counsel for Moosup partnership indicated the new application differed from the one that was denied in May of 2000. He introduced a large area photograph along with another map to describe the boundaries of the new application and noted changes that included a new driveway, the removal of a pond and the inclusion of a 50 foot residential buffer. (Return of Record, Exhibit 1, at pp. 3, 4) He noted that the property was serviced by rail and sewer and had been designated for commercial use in a plan of development. He added that a 550, 000 square foot building already existed on the property. (Return of Record, Exhibit 1, at p. 5)
Others in attendance including the defendant First Selectman, Paul Sweet, spoke in support of the zone change. Then the opponents, including their counsel, spoke, after which the defendant chairman of the Commission, David Allard, allowed rebuttal.
Members of the Commission asked questions of the defendant, Town Planner, Jason Vincent, after which the public hearing was closed. Before the vote Mr. Vincent was again questioned relative to the issues of traffic and wetlands. (Return of Record, Exhibit 1, at pp. 98-101) The Commission then voted 4-1 to approve the zone change.
On December 19, 2000, Briere appealed claiming that the Commission exceeded its statutory authority and acted illegally, arbitrarily, without jurisdiction, and in abuse of the discretion vested in it. Eleven reasons were cited in the appeal. They are as follows:
(1) The defendant Commission did not review all evidence presented at the hearing, specifically photographs of the traffic and a video of traffic, prior to its vote; CT Page 16894
(2) The defendant, Jason Vincent, Town Planner, prepared maps or helped to prepare maps for the applicant and then participated in the hearing and further participated in discussion with the Commission after the hearing was closed and thus prejudiced the decision of the Commission;
(3) The defendant Commission allowed its Town Planner, Jason Vincent, to participate in discussion with the Commission with knowledge that he had participated in preparing maps and information for the applicants and thus prejudiced the decision of the Commission;
(4) The defendant Commission relied on representations made by their Town Planner, Jason Vincent, that they could require new roads to be built and town roads to be widened and improved as part of the site plan approval for any development to take place on said tract. That requirement is not part of the Plainfield Planning Zoning Regulations for site approval and is not part of Connecticut statutory law or case law and therefore, the Commission members based their decision on an inaccurate statement of the law and erred in its decision;
(5) The defendant, Paul Sweet, as First Selectman of the Town of Plainfield, participated in the hearing on behalf of the applicant and after the hearing was closed, Paul Sweet interrupted the discussion of the Commission stating that as ex-officio member of the Commission he wished to speak during the discussion period, and thus prejudiced the decision of the Commission;
(6) The Chairman of the Commission would not allow the plaintiffs or their attorney to respond to new information given by the applicant in its rebuttal and thus denied the plaintiffs due process of law;
(7) Section 12.4 of the Plainfield Planning Zoning Regulations states "such application shall not again be made within a period of one year from the date of rejection or withdrawal unless the Commission finds a material change in the situation justifies a hearing in the interest of the public as well as the applicant." The Commission had denied a zone change for the same property and same applicant in May 2000 by a 5-0 vote stating that roads were inadequate. No material change in the application or in roads or wetlands had taken place since that May 2000 vote and by its own regulations the Commission should not have scheduled a hearing for at least one year after May 2000;
(8) Different members of the Commission were approached by proponents of the zone change and discussed the zone change prior to the public hearing and said members prejudged their decision prior to the hearing for said zone changes, so that the hearing was a sham and the plaintiffs CT Page 16895 were denied due process of law;
(9) Said zone change of the Town of Plainfield Zoning Regulations was not made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout the municipality as required by Chapter 124 of the Connecticut General Statutes;
(10) Said zone change of the Town of Plainfield Zoning Regulations was not made for any of the authorized legitimate public purposes described in Chapter 124 of the Connecticut General Statutes, but the purpose of conferring a benefit upon, or alleviating a burden of the applicant;
(11) The application for change of the Zoning Regulations was illegal and improper in that it did not comply with Section XII of the Zoning Regulations of the Town of Plainfield, which provides, "A plan giving proposed boundaries must accompany each application for a change or Zoning Boundaries." The map presented with the application had no dimensions and it was not possible to determine the area being zoned.
The defendant Commission alleges in its brief that the plaintiffs have made no showing that it acted arbitrarily and there is no evidence to support the claim that its actions were illegal or in abuse of its discretion.
The defendant Moosup partnership alleges in its brief filed October 26, 2001, that the plaintiffs Briere at the hearing of October 18, 2001, have failed to establish aggrievement. Because this claim deals with subject matter jurisdiction the court will address it first.
In order for the court to have subject matter jurisdiction over the administrative appeal, the plaintiff must establish aggrievement. Wallsv. Planning and Zoning Commission, 176 Conn. 475, 479 (1979). The question of aggrievement is one of fact for the court to determine.Glendenning v. Conservation Commission, 12 Conn. App. 47, 50 (1987), cert. denied, 205 Conn. 802 (1989).
C.G.S. § 8-8 says, inpertinent part: ". . . aggrieved person includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
At the hearing of October 18, 2001, a witness, Mrs. Gloria Briere, who is also a plaintiff, testified that her property on 32 Depot Road, Wauregan, abutted the property that was rezoned. If true, statutory CT Page 16896 aggrievement has been established as to her pursuant to § 8-8.
However, on cross-examination, when an A-2 survey of the rezoned property area was introduced by the defendant Moosup partnership (Defendant's Exhibit 1, 10-18-01), it became clear from her testimony that her property did not abut the rezoned property, nor was it within 100 feet of the subject property as required by § 8-8.
On cross-examination she also testified regarding neighbors who owned property nearby on Depot Road and All Hallows Road all located generally westerly of her residence. She identified the Chabots, Osborns and Desjardins as property owners on All Hallows Road. They are all plaintiffs in this case.
A review of the A-2 survey clearly shows these plaintiffs own premises that are within 100 feet of the rezoned premises, calculated as follows: the properties have frontage on All Hallows Road; the width of All Hallows Road is 25 feet as shown on the map and the buffer strip zone not subject to rezoning is 50 feet in width. The fact that there is an additional set back line of 50 feet for building purposes does not affect the court's conclusion that their properties are within 100 feet of the subject property. In fact, they are within 75 feet of the rezoned property.
The court thus finds that several of the plaintiffs are within 100 feet of the subject property as required by C.G.S. § 8-8. They are entitled to bring this appeal as statutorily aggrieved persons under § 8-8.
The court, having found that it does have subject matter jurisdiction over the matter, at least as to many of the plaintiffs, must decide whether the defendant Commission exceeded its statutory authority, acted illegally or arbitrarily when it granted the application for a change of zone. First Hartford Realty Corporation v. Plan and Zoning Commission,165 Conn. 533, 540-41 (1973).
In this connection ". . . it is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Burnham v. Planning Zoning Commission, 189 Conn. 261, 265 (1983) (citation omitted). CT Page 16897
Turning to the first of eleven reasons for appeal of the plaintiffs Briere, i.e., that the defendant Commission did not review all evidence presented to it at the hearing and specifically videotapes and photographs, the court finds as follows:[1] A Michael Clark presented a videotape and photo album of pictures taken by him and previously given to the Commission at the prior hearing. (Return of Record, Exhibit 1 at p. 33.) He advised the Commission of the substance of each and then spoke of his continued opposition to the proposed zone change. (Return of Record, Exhibit 1 at pp 33-37.)
Photographs were also submitted by the plaintiff Kate Desjardins relative to traffic concerns. She discussed their content and the safety issues that were a cause of her concern. (Return of Record, Exhibit 2 at p. 3.) The plaintiff, Marie Harris, presented photos of Depot Road where she resides and used them to support her concern that the proposed buffer strip was not wide enough. (Return of Record, Exhibit 2 at p. 3.).
It is quite clear from the record that the Commission was aware of the contents of the videotape and photos. The court is unaware of any requirement that the Commission actually review all evidence before a vote is taken especially if its contents have been described by the person introducing it.
In their second and third reasons for appeal, the plaintiffs claim that the Town Planner, the defendant Jason Vincent, prepared maps or helped prepare maps for the defendant partnership and then took part in the hearing and the discussion that followed indicating bias on his part, thus improperly influencing the decision of the Commission.
The court can find no evidence in the record that Mr. Vincent prepared maps or helped prepare maps for the defendant Moosup partnership. That he took part in the hearing and the discussion that followed is not unusual. Zoning commissions are entitled to technical assistance in matters which are beyond their expertise. Pizzola v. Planning ZoningCommission of the Town of Plainville, 167 Conn. 202, 208 (1974. Further, the assistance ma extend to executive session. Yurdin v. Town Plan andZoning Commission of the Town of Fairfield, 145 Conn. 416, 421 (1958) cert. denied 79 S.Ct 155; Kyser v. Zoning Board of Appeals, 155 Conn. 236,250-1 (1967).
There is no impropriety in the Town Planner Mr. Vincent being consulted by the Commission for his expertise before or after the public portion of the hearing is closed. And nothing in the record indicates he had a personal interest in the outcome of the hearings as alleged.
The plaintiffs, in their fourth reason for appeal, claim that the Town CT Page 16898 Planner Vincent misled the Commission when he said that the Commission could address specific traffic problems when a site plan was ultimately presented to it. In fact, the Town of Plainfield zoning regulations require such an inquiry.
Article XIII of the Town of Plainfield zoning regulations pertains to Site Development Plans. Section 13.0 entitled Site Plan Objectives states in pertinent part:
 In reviewing a site plan, the Planning and Zoning Commission shall take into consideration the health, safety and welfare of the public and may prescribe reasonable conditions and safeguards to ensure the accomplishment of the following general objectives: (b) The streets and driveways serving the proposed use shall be adequate to safely carry the vehicular traffic generated by the proposed activity. Entrance and exit points shall not create a traffic hazard or undue traffic congestions. (c) All proposed traffic access ways are adequate but not excessive in number; adequate in width, grade, alignment and sightline.
Thus the Commission was not misled by the remarks of Vincent.
The plaintiffs fifth claim is that another town official, the defendant First Selectman Paul Sweet, took part in the hearing and afterward interrupted at the Commission's deliberations and thereby prejudiced its decision. That Mr. Sweet spoke at the public hearing is not unusual or improper. See 1070 North Farms Road LLC v. Wallingford Planning ZoningCommission, 2000 WL 168 2536 (October 11, 2000) (Downey, J.) He attempted to speak during deliberations but was not permitted to do so. (Return of Record, Exhibit 1 at p. 105.) There is no evidence that Mr. Sweet played any role in the decision of the Commission.
There is nothing in the record to support the sixth claim of the plaintiffs that the Chairman of the Commission, the defendant Allard, would not allow the plaintiffs or their attorney to respond to new information provided by Moosup partnership in its rebuttal. The transcript reveals that Mr. Allard asked for questions of the Commission directed to the applicant's comments in rebuttal. There was no response and he closed the public hearing. (Return of Record, Exhibit 1 at p. 72.)
Next, in claim seven, the plaintiffs allege that the Plainfield Planning Zoning regulations prohibit the consideration of this application because the Commission had denied a zone change for the same property in May of 2000. As previously noted, Section 12.4 provides that CT Page 16899 "such application shall not again be made within a period of one year from the date of rejection or withdrawal unless the Plainfleld Planning 
Zoning Commission finds a material change in the situation justifies a hearing in the interest of the public as well as the applicant."
The September 2000 application had a different access way, eliminated a pond area from the proposed change of zone, included a residential buffer zone and eliminated a wetland area. (Return of Record, Exhibit 1 at pp. 3, 4.) The Commission Chairman, the defendant Allard, indicated the Commission felt there was reason to hear the applicant. It (the applicant) did not have to wait. (Return of Record, Exhibit 1 at p. 70.) Although Mr. Allard did not say precisely that the application was materially changed, the court may search the record to find valid reasons for the Commission's action. See Gagnon v. Inland Wetlands andWatercourses Commission of the Town of Bristol, 215 Conn. 604, 606-611
(1990) on remand 1990 at 283 223.
Further, if it finds valid reasons for the decision to hear the application, as noted above, the court should not substitute its judgment for that of the Commission where the record supports the decision.Burnham, 189 Conn. at 265, 266.
Although the plaintiffs allege in their complaint, found in claim eight, that Commission members discussed the application with proponents of the zone change prior to the meeting, the claim has not been briefed.
The next two allegations in the complaint, nine and ten of the plaintiffs' claims, allege that the zone change was not made with reasonable consideration as to the character of the district and further that the zone change was not needed for any of the authorized legitimate public purposes as described in Chapter 124 of the Connecticut General Statutes.
Neither claim is discussed in the plaintiffs' brief. Since claims eight, nine and ten have not been briefed by the plaintiffs, the court will consider them abandoned. Czarnecki v. Plastics Liquidating Co.,179 Conn. 261, 262 n. 1 (1979).
Finally, in claim eleven, the plaintiffs allege that the map presented to the Commission in support of the zone change did not show the proposed boundaries of the subject property as required by Article XII of the zoning regulations of the Town of Plainfield, thereby denying the plaintiffs notice required by law. Article XII requires "a plan giving proposed boundaries must accompany each application for a change of Zoning Boundaries." Such a plan was presented with the application. (See Return of Record, Exhibit 21.) Furthermore, at the hearing counsel for the CT Page 16900 Moosup partnership presented a detailed A-2 survey of the subject property including the proposed boundaries, buffer zone, and proposed accessways. (Return of Record, Exhibit 1, at pp 3-4. Defendant's Exhibit 1, 10-18-01.)
The Commission had at least two maps before it when it voted. No one present at the hearing questioned the location of the boundaries of the property to be rezoned. (Return of Record, Exhibit 1, pp 107-109.) The Commission and the public present at the hearing were fully aware of the boundaries of the subject property at the time of the vote.
For the reasons recited herein the many claims of the plaintiffs are not supported by the record. The Commission did not act arbitrarily, illegally or in abuse of its discretion when it granted the application for a zone change. The decision of the Commission is affirmed.
Potter, J.