DANIEL TOLMAN *v.* KARLA JOY BANACH
(AC 23642)
(AC 23786)

Lavery, C. J., and Bishop and McLachlan, Js.

Argued January 15—officially released March 30, 2004

*Karla Joy Banach,* pro se, the appellant (defendant).

*Opinion*

PER CURIAM. This unhappy child custody litigation gives rise to two appeals. Docket number AC 23642 is the appeal by the defendant mother, Karla Joy Banach, from the trial court's denial of her motion for visitation and its granting of her attorney's motion to withdraw. Docket number AC 23786 is the defendant's appeal from the denial of her motion to compel her former attorney to supply portions of her file in his possession. We affirm the judgments of the trial court.

I

AC 23642

By April, 2001, the plaintiff father, Daniel Tolman, had full custody of the parties' minor child, and the defendant's visitation rights had been suspended. The defendant unsuccessfully sought visitation, her most recent motion having been denied on September 11, 2002. Her attorney filed a motion to withdraw his appearance as her counsel, which the court granted on October 28, 2002.

On November 12, 2002, the defendant filed her first appeal, challenging both the denial of her motion for visitation and the granting of her attorney's motion to withdraw. The appeal from the denial of her motion for visitation was untimely, having been filed more than two months after the challenged order was rendered.

See Practice Book § 63-1. Moreover, the defendant has not separately briefed that claim. It therefore is deemed abandoned. See *Czarnecki* v. *Plastics Liquidating Co.*, 179 Conn. 261, 262 n.1, 425 A.2d 1289 (1979).

The defendant's second claim is that the court improperly permitted her attorney to withdraw because the attorney allegedly had not complied with the provisions of General Statutes § 1-25[1] due to his failure to report to the court the alleged fraud of the plaintiff. That, she argues, violated her due process rights under the fourteenth amendment to the United States constitution. Decisions regarding the withdrawal of counsel are evaluated under an abuse of discretion standard. *State* v. *Fernandez*, 254 Conn. 637, 647, 758 A.2d 842 (2000), cert. denied, 532 U.S. 913, 121 S. Ct. 1247, 149 L. Ed. 2d 153 (2001). Upon review of the record, we conclude that the court acted within its discretion when it granted her attorney's motion to withdraw. The record indicates that the provisions of Practice Book § 3-10, which govern motions to withdraw, were followed. The defendant, thus, had notice and the opportunity to be heard. Her due process rights were not violated when the court granted the motion to withdraw.

## II

### AC 23786

In her second appeal, the defendant claims that the court improperly denied her motion seeking documents

---

[1] General Statutes § 1-25 provides in relevant part: "You solemnly swear or solemnly and sincerely affirm, as the case may be, that you will do nothing dishonest, and will not knowingly allow anything dishonest to be done in court, and that you will inform the court of any dishonesty of which you have knowledge; that you will not knowingly maintain or assist in maintaining any cause of action that is false or unlawful; that you will not obstruct any cause of action for personal gain or malice; but that you will exercise the office of attorney, in any court in which you may practice, according to the best of your learning and judgment, faithfully, to both your client and the court; so help you God or upon penalty of perjury."

in the possession of her former attorney.[2] The granting or denial of a motion to compel production rests in the sound discretion of the court. *Babcock* v. *Bridgeport Hospital*, 251 Conn. 790, 819–20, 742 A.2d 322 (1999).

The motion was argued before the court on December 23, 2002. At argument, the defendant conceded that the attorney had complied, in part, with her request and that the only documents that she was seeking were the attorney's handwritten notes. In response, the attorney insisted that he was claiming neither work product privilege[3] nor an attorney's retaining lien.[4] Rather, he explained that "the reason I'm not turning over my handwritten notes [is] a matter of principle. Those are mine. They are not hers." The attorney indicated that he had provided the defendant with "two inches worth of paper" and had informed her that "there is a box of materials [in] my office. All she has to do is pick them up." Because his handwritten notes were not part of her file, he refused to surrender them.

The court, having both reviewed the defendant's motion to compel and heard oral argument on the issue,

---

[2] The motion to compel is primarily a tool of discovery. See Practice Book § 13-14. We note, however, the governing principle of Practice Book § 1-8, which provides that "[t]he design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." The Superior Court possesses inherent authority to regulate attorney conduct. *Burton* v. *Mottolese*, 267 Conn. 1, 25, 835 A.2d 998 (2003). Moreover, at oral argument, the attorney agreed to "comply with whatever the court rules."

[3] Practice Book § 13-3 (a), which governs our work product privilege, provides in relevant part that "a party may obtain discovery of documents . . . prepared in anticipation of litigation or for trial *by or for another party or by or for that other party's representative* . . . ." (Emphasis added.) That provision does not encompass materials prepared on behalf of one's own client.

[4] We note that a self-executing attorney's retaining lien "cannot be utilized . . . if the attorney has withdrawn voluntarily . . . ." *Marsh, Day & Calhoun* v. *Solomon*, 204 Conn. 639, 645–46, 529 A.2d 702 (1987).

denied the motion. The defendant has not sought an articulation of that judgment, as provided by Practice Book § 66-5. On the limited record before us, we cannot conclude that the court abused its discretion in denying the defendant's motion to compel.

The judgments are affirmed.